# COUNTY BOARD OF EQUALIZATION OF KANE COUNTY v. STATE TAX COMMISSION OF UTAH et al.

No. 5485.   Decided October 21, 1935.   (50 P. [2d] 418.)

*Romney & Nelson* and *E. L. Schoenhals,* all of Salt Lake City, for plaintiff.

*Joseph Chez,* Atty. Gen., and *Dey, Hoppaugh, Mark & Johnson,* of Salt Lake City, for defendants.

EPHRAIM HANSON, Justice.

The petitioner, the county board of equalization of Kane county, Utah, has petitioned this court for a writ of certiorari to have reviewed a decision of the state tax commission setting aside and canceling an assessment made by the county assessor of Kane county under the direction of the county board of equalization of that county, assessing certain electrical equipment to the defendant Fairbanks, Morse & Co. The following facts were agreed upon before the state tax commission:

"That Fairbanks, Morse & Company is a corporation of the State of Illinois, duly authorized to do business in the state of Utah. The

town of Kanab is a Municipal Corporation in Kane County, Utah. That the Municipal Acceptance Corporation is an Illinois corporation, and is not authorized to do business and has never done business in the State of Utah. That on or about the 7th of January, 1929, the Town of Kanab duly entered into an agreement with Fairbanks, Morse & Company whereby the town agreed to purchase from said company certain electrical machinery and material for an electrical generating plant, at an agreed price of $32,544.00, represented by warrants maturing at intervals to be paid in installments extending over a number of years, title to said property to pass to the said Town only when the purchase price was fully paid as provided in said agreement. That during the year 1929 and pursuant to said agreement Fairbanks, Morse & Company constructed said generating plant and turned the same over to the Town on or about the 1st of June, 1929; and that from that time until 14th of March, 1933, the said Town of Kanab operated said plant as a municipal power plant. That under and by virtue of said contract said Town of Kanab agreed to pay the purchase price and interest out of the revenues obtained from the operation of said power plant, and covenanted and agreed to maintain such rates for the service as produced to pay for said charge specified in said contract. That seventy-two pledge warrants, evidencing the purchase price as provided in said contract, were duly executed by the said Town of Kanab and delivered by it to Fairbanks, Morse & Company on or prior to the 1st of June, 1929, when said property was accepted. That all of said warrants were in the same form except as to the date of maturity, and were each for the principal sum of $452.00, and said warrants became due at monthly intervals over said period from August 15th, 1929, to July 15, 1935. That under date of June 12, 1929 said title retaining contract and warrants were assigned and transferred by Fairbanks, Morse & Company to Municipal Acceptance Corporation; evidence of which transfer being offered by the endorsement appearing on the reverse side of page 4 of said contract, Exhibit 3, and telegrams passing between Fairbanks, Morse & Company and its attorneys; and that said contract and warrants were in the possession of said Municipal Acceptance Corporation in the State of Illinois at all times after June 12, 1929, until surrendered to the town of Kanab on March 14, 1933.

"That thereafter at irregular intervals certain of said warrants aggregating $12,214.00 were paid by the Town of Kanab, but no payments were made after the month of September, 1932. That the Town remained in possession of said property and continued to operate the same until the 14th of March, 1933, at which time the Town sold the plant and its distribution system to the Southern Utah Power Company, and that as a part of the same transaction Fairbanks, Morse &

Company and the Municipal Acceptance Corporation executed a bill of sale to said Town of Kanab, and all of the unpaid warrants of the said Town then outstanding, amounting to $20,340.00 in principal, were surrendered to said Town and part of the purchase price paid by the said Southern Utah Power Company for said property was paid to the said Town of Kanab, a portion of the remainder to the Municipal Acceptance Corporation, and the balance still due and unpaid was secured by a mortgage or deed of trust, executed by the said Southern Utah Power Company to a trustee for said Municipal Acceptance Corporation. That the electrical equipment so sold and furnished by said Fairbanks, Morse & Company was not assessed during the years 1930-1931-1932, nor during the regular assessment period of 1933; that by order of the County Board of Equalization of Kane County, said property was assessed to Fairbanks, Morse & Company during the month of June, 1933, for the years 1930, 1931, 1932-1933, at a valuation of $30,000.00 for each of said years. That Fairbanks, Morse, & Company duly protested against this assessment by filing its written protest with the Board of County Commissioners, sitting as a Board of Equalization, and requested that all of said assessments be cancelled, and duly appeared before the Board of Equalization at the time and place designated by it to hear said protest, but the said protest of Fairbanks, Morse & Company was denied."

In addition to the agreed facts, the record shows that after the denial of the protest of Fairbanks, Morse & Co. by the board of equalization of Kane county that company duly appealed to the state tax commission and on a hearing duly had the commission made its order and decision that the property was not subject to assessment during the years in question to either Fairbanks, Morse & Co. or the Municipal Acceptance Corporation, and ordered that the assessment be vacated and canceled.

The record also discloses that the contract entered into by and between the town of Kanab and Fairbanks, Morse & Co. contained the following provision:

"* * * The title and ownership of the machinery or material herein specified shall remain in the Company until final payment therefor has been made in full, as above provided. * * * The Company shall have the right to discount or transfer any of said pledge notes, and the title and right of possession in and to said machinery or materials shall pass thereby to the legal holder of such pledge orders."

The petitioner contends that the decision of the state tax commission was beyond the powers of the commission and that it has exceeded its authority. The defendants, the state tax commission and Fairbanks, Morse & Co., assert that the decision of the commission is not reviewable by this court, or that, if it is reviewable, the decision is correct and should not be disturbed.

The defendants cite 80-7-10, R. S. Utah 1933, which provides for an appeal to the state tax commission by any person aggrieved and dissatisfied with the decision of the county board of equalization in relation to the assessment of any property in which he has any interest, and assert that the phrase in said section, that "every decision, order or assessment made by the tax commission upon such appeal shall be final," prohibits a review by the courts of the decision, orders, and rulings made by the commission on such appeal. We cannot agree with this contention.

Article 8, § 4, of the Constitution of Utah provides:

"The Supreme Court shall have original jurisdiction to issue writs of mandamus, certiorari, prohibition, quo warranto and habeas corpus."

R. S. 1933, 104-67-2, provides:

"A writ of review [certiorari] may be granted by the supreme court, or by a district court or a judge thereof, when an inferior tribunal, board or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court or judge, any plain, speedy and adequate remedy in the ordinary course of law."

Under the above section, a review may be had to determine whether the decision, ruling, or order of the commission was in excess of or beyond its jurisdiction. In the case of a tribunal exercising administrative or quasi judicial powers, this means every decision, ruling, or order which materially affects the substantial rights of the applicant for the writ, and which decision, ruling, or order it is claimed was either made because of a wrong interpre-

tation of the law, a failure to follow or apply the law, or without any competent evidence to support it, or against the undisputed evidence when there is nothing inherently in the record affecting the credibility of such undisputed testimony, and when the undisputed testimony is such that this court may say as a matter of law that it is sufficient to sustain the burden of proof where the applicant for the writ has the burden of proof; and, further, the court has the power to review the evidence in support of jurisdictional facts to determine whether there is sufficient evidence to support the findings on such jurisdictional facts. And all of the above subject to the proviso that there is no appeal, nor any plain, speedy, and adequate remedy in the ordinary course of the law. The phrase "ordinary course of the law" does not include prohibition.

Does the state tax commission come within the purview of R. S. 1933, 104-67-2? An examination of the sections of the statute relating to the powers and duties of the commission will show that it has more than mere administrative duties. It not only exercises general supervision over the administration of the tax laws of the state, over assessors and county boards in the performance of their duties as county boards of equalization, and over other county officers in the performance of their duties in connection with the assessment of property and the collection of taxes, but it has authority to examine all records, books, papers, and documents relating to the valuation of property of any corporation or individual, and to subpoena witnesses to appear and give testimony and to produce records, books, papers, and documents relating to any matter which the commission shall have authority to investigate or determine. It may cause depositions of witnesses to be taken as in civil actions. See R. S. 1933, 80-5-46. At the hearing on appeal, the commission may admit additional evidence and make such order as it deems just and proper, and make such correction or change in the assessment or order of the county board of equalization as it may deem proper. See R. S. 1933, 80-7-10.

Clearly, the commission is clothed with quasi judicial duties and functions, and hence is subject in proper cases to have its decisions reviewed by writ of certiorari. No method has been provided for an appeal from the decisions, rulings, or orders of the commission, and it is quite apparent that there is no plain, speedy, and adequate remedy in the ordinary course of law from its decisions, rulings, or orders, and unless a writ of certiorari will lie in favor of the party aggrieved and dissatisfied with such decision, ruling, or order, such party would be entirely remediless. We do not believe the Legislature, by declaring that "every decision, order or assessment made by the tax commission upon such appeal shall be final," intended that no review of any kind should be had, and the use of these words was not intended to deprive this court of the power to review the decisions of the state tax commission by writ of certiorari. Had the Legislature so intended, it would have no such power. This court held in *State ex rel. Robinson* v. *Durand,* 36 Utah 93, 104 P. 760, quoting from the syllabus:

"The power conferred on courts by Const., art. 8, §§ 4, 7, giving the Supreme Court original jurisdiction to issue writs of mandamus, certiorari, prohibition, etc., and authorizing the district courts or any judge thereof to issue writs of habeas corpus, mandamus, prohibition, and other writs necessary to carry into effect their judgments, and to give them general control over inferior courts, cannot be enlarged or abridged by the Legislature."

This same principle is also announced in *Barnes* v. *Lehi City,* 74 Utah 321, 279 P. 878.

We come now to the question, Did the state tax commission have authority to order a cancellation and vacating of the assessment in question? The commission was created by virtue of an amendment to the Constitution of the state of Utah, November 4, 1930. This amendment provides:

"The State Tax Commission shall administer and supervise the tax laws of the State. It shall assess mines and public utilities and adjust and equalize the valuation and assessment of property among the several counties. It shall have such other powers of original as-

sessment as the Legislature may provide. Under such regulations in such cases and within such limitations as the Legislature may prescribe, it shall establish systems of public accounting, review proposed bond issues, revise the tax levies and budgets of local government units and equalize the assessment and valuation of property within the counties. The duties imposed upon the State Board of Equalization by the Constitution and Laws of this State shall be performed by the State Tax Commission.

"In each county of this State there shall be a County Board of Equalization consisting of the Board of County Commissioners of said county. The County Boards of Equalization shall adjust and equalize the valuation and assessment of the real and personal property within their respective counties, subject to such regulation and control by the State Tax Commission as may be. prescribed by law. The State Tax Commission and the County Boards of Equalization shall each have such other powers as may be prescribed by the Legislature." (Const. art. 13, § 11.)

The Legislature in R. S. 1933, 80-5-46, defines some of the powers and duties of the tax commission and provides as follows:

"(9) To have and exercise general supervision over the administration of the tax laws of the state, over assessors and over county boards in the performance of their duties as county boards of equalization and over other county officers in the performance of their duties in connection with assessment of property and collection of taxes, to the end that all assessments of property be made relatively just and equal, at true value, and that the tax burden may be distributed without favor or discrimination."

R. S. 1933, 80-7-10, provides for an appeal from decisions of the county board of equalization to the tax commission in matters relating to the assessment of property, and provides:

"At the hearing on said appeal the tax commission may admit additional evidence and make such order as it deems just and proper, and make such correction or change in the assessment or order of the county board of equalization as it may deem proper."

Since the commission has general supervision over the tax laws of the state and over those charged with the enforcement of those laws, and has the power on appeal to make such correction or change in the order of the

county board of equalization as it may deem proper, it must necessarily follow that it is authorized to cancel, vacate, or change an assessment when, upon a proper showing, it has been determined that the assessment should be so cancelled, vacated, or changed. In the agreed statement of facts before the commission, it was stipulated

"that under date of June 12, 1929, said title retaining contract and warrants were assigned and transferred by Fairbanks, Morse & Company to Municipal Acceptance Corporation; * * * and that said contract and warrants were in the possession of said Municipal Acceptance Corporation in the State of Illinois at all times after June 12, 1929, until surrendered to the town of Kanab on March 14, 1933."

The contract entered into between the town of Kanab and Fairbanks, Morse & Co. provides that Fairbanks, Morse & Co. should have the right to discount or transfer any of said pledge notes, and the title and right of possession in and to said machinery or materials should pass thereby to the legal holder of such pledge orders. Without such a provision, Fairbanks, Morse & Co. would have had the right to transfer its interest in and to the contract and to the pledges given to it in payment of the equipment sold to the town. This court held in *Standard Steam Laundry* v. *Dole*, 22 Utah 311, 61 P. 1103, that a vendor of personal property may assign his claim to such property sold conditionally, and the assignee acquires such right therein as the vendor had, and the vendor loses all his interest in the property.

Under the agreed facts and under the undisputed evidence and under the law announced by this court, Fairbanks, Morse & Co. had no interest in and to the property in question that could be assessed to it during the years involved herein.

The decision of the state tax commission setting aside and vacating the assessment, therefore, must be affirmed. Such is the order.

ELIAS HANSEN, C. J., and FOLLAND, MOFFAT, and WOLFE, JJ., concur.