COUNTY BOARD OF EQUALIZATION OF KANE
COUNTY v. STATE TAX COMMISSION OF
UTAH, et al.

No. 5485. Decided February 26, 1936. (54 P. [2d] 1214.)

*Romney & Nelson* and *E. L. Schoenhals,* all of Salt Lake
City, for paintiff.

*Joseph Chez,* Atty. Gen., and *Dey, Hoppaugh, Mark &
Johnson,* of Salt Lake City, for defendants.

PER CURIAM.

Appellant county board of equalization of Kane county has
filed a petition for a rehearing in which it urges a modifica-
tion of our decision in this case published in 88 U. 219, 50 P.
(2d) 418, so as to vacate and set aside that part of the de-
cision of the state tax commission affecting assessment of
the property against the Municipal Acceptance Corporation.
The part referred to reads: "It is the opinion of the Tax
Commission that the property involved was not subject to
assessment during the years in question to either the Fair-
banks, Morse & Company or the Municipal Acceptance Cor-
poration." We think no change or modification in the de-
cision advisable or necessary. It will be noted from the
opinion that the only matter before either the state tax com-
mission or this court was the assessment against Fairbanks,
Morse & Co., and that all that was approved and affirmed by
us was the order of the state tax commission, which order
reads: "It is ordered that the assessment made be vacated
and cancelled." The only assessment made was that against
Fairbanks, Morse & Co., and this order was affirmed for the
reasons stated in our opinion. That was the only matter re-
lating to the assessment of the property passed on or decided.

In doing so, the court neither approved nor disapproved the views expressed by the state tax commission in the quoted part of its opinion having reference to the assessment of the property against the Municipal Acceptance Corporation. It will be time enough to pass upon questions relating to that matter if and when an assessment is made against the Municipal Acceptance Corporation and a proper case is before this court involving such issue.

The petition for a rehearing is denied.