506 P.2d 437

**Mary Jean NELSON, Plaintiff,**

**v.**

**STATE TAX COMMISSION of Utah, Defendant.**

**No. 12756.**

Supreme Court of Utah.

Feb. 7, 1973.

Beaslin, Nygaard, Coke & Vincent, Craig T. Vincent, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., G. Blaine Davis, Asst. Atty. Gen., Salt Lake City, for defendant.

CROCKETT, Justice.

Mary Jean Nelson seeks review of a decision of the State Tax Commission denying a reduction in the valuation ($530,700) placed on five parcels of real property used as a business complex at 5100–5250 South State Street in Murray, for the purpose of the 1971 property tax. She paid the taxes of $10,313.75 under protest and seeks recovery.

The plaintiff purchased the property in question in 1971 from a trustee in bankruptcy for $275,000, subject to the 1971 property taxes. It is shown that the trustee had previous offers, one an option to purchase for $350,000, which was never exercised; and another offer for $280,000, which was later withdrawn. It is principally upon the basis of these facts that she

insists that the valuation of $530,700 by the Salt Lake County Assessor is excessive.

█ The plaintiff followed appropriate procedure in appearing before the County Board of Equalization asking for a reduction in the valuation. Upon being denied there, she appealed to the State Tax Commission in accordance with Sec. 59–7–10, U.C.A.1953. As a consequence thereof a hearing of an informal nature was conducted by the Tax Commission. There was no record taken of the proceedings. Subsequent thereto the Commission entered a "decision" denying her request. She filed a timely appeal to this court.[1]

The Tax Commission urges that this appeal should be dismissed because the plaintiff did not apply for a formal hearing in which a plenary proceeding would have been conducted and the Commission would have made a final and appealable order. The Commission invokes the rule that before one may seek review of the action of an administrative body, the party must exhaust the available administrative remedies.[2]

██ Pursuant to its rule-making power, granted in Sec. 59–5–46(2) and (3), U.

C.A.1953, the Tax Commission has adopted and published a Code of Administrative Procedure, of which we take notice.[3] The Commission relies on Section 5 thereof which provides for two types of hearings: informal and formal. That rule projects generally that when there is an appeal from the County Board of Equalization there shall first be a hearing of an informal type before the Tax Commission in which the decision is not intended to be final and appealable, but if the taxpayer so desires he may petition for a formal hearing, which will then involve a plenary proceeding and inquiry, after which the Commission makes findings of fact, conclusions of law and renders its decision.

█ The difficulty with the position thus essayed by the Commission is that, although its Rule 5 just referred to may work all right if followed in that manner, there is procedure authorized both by statute and in other rules of its own Code of Administrative Procedure which justify the procedure followed by the plaintiff.

Section 59–7–10, U.C.A.1953, referred to above, which authorizes the appeal to the

---

1. That an appeal lies to this court see Board of Equalization of Kane County v. State Tax Commission, 88 Utah 219, 50 P.2d 418.

2. Pacific Intermountain Express Co. v. State Tax Commission, 7 Utah 2d 15, 316 P.2d 549; Walker Bank & Trust Co. v. Taylor, 15 Utah 2d 234, 390 P.2d 592.

3. Rule 9(2), Utah Rules of Evidence, provides, "Judicial notice may be taken without request by a party, of . . . duly published orders, rules and regulations of the departments or agencies of this state . . . "

Tax Commission from the County Board of Equalization, provides:

> . . . Upon receipt of such notice of appeal and record, the state tax commission shall set a date for the hearing of the same and shall notify the taxpayer . . .. At the hearing on said appeal the tax commission may admit additional evidence and make such order as it deems just and proper . . .. *Every decision, order and assessment made* by the tax commission *upon such appeal shall be final* . . ..

In its own Code of Administrative Procedure, Rule 9–1 provides:

> The Tax Commission will sit as the State Board of Equalization in discharge of the equalization responsibilities given it by law . . ..

This is supplemented by Rule 9–3 of the Code:

> . . . Hearings of the [State] Board of Equalization *will be formal hearings, and an appeal* in the form of a petition for writ of certiorari *to the Supreme Court of the State of Utah may lie from any order entered after such hearings.* (All emphasis added.)

On the basis of what has been said above and consistent with the general policy of the law that a taxpayer is entitled to a favorable application of the statutes and rules, we are not persuaded that the plaintiff's appeal should be dismissed and the Tax Commission's decision ipso facto affirmed. However, because the record before us is entirely inadequate we do not believe it would be in the interest of justice for us to attempt to analyze and pass upon the merits of this controversy on the basis thereof. As indicated above, it seems that the only proceeding had was of an informal nature and without any record being made and there is no transcript as to what occurred at the hearing. The Commission did not make any findings of fact. There is only a stereotyped form with the blanks filled in indicating that a hearing was had, evidence taken, and the decision made.

██ Plaintiff obtained a stipulation that certain documentary evidence, which indicates, inter alia, the price she paid for the property, and which she urges as supportive of her position, could be included in the record. Although we do not reach the merits in this decision, we offer this comment: The mere fact that this particular property was purchased at a figure much below the appraised value does not necessarily show conclusively what its valuation should be. We appreciate the validity of the proposition generally that the market value is the highest price that a willing, prudent, and well-informed buyer would be justified in paying, and that a similarly circumstanced seller would be justified in accepting, if the property was placed in the open market for a reasonable

period of time, and there was no compulsion either as to the time or circumstances of the sale.

Nevertheless that test is subject to being applied in a cautious and realistic manner in the light of the total circumstances. This includes an awareness of the difficulties which may exist in regard to such a comparatively large business property, for which there is in fact a very limited market because so few people deal in such high finances; and also of the exigencies which may exist in a sale in bankruptcy proceedings. In such circumstances we have no doubt that it is fair, realistic and proper to give consideration to other aspects of valuation. On the other hand, there is physically present with the file documentary evidence which might be regarded as supportive of the Tax Commission's decision. But there is no indication whatsoever that it is or was part of the record. We therefore cannot properly so regard it any more than we could any other extraneous document which someone may bring in and lodge with this court.[4]

It is within the inherent power, and the procedural rules of this court, to order a new trial, or a further trial of material issues, when the interests of justice so require;[5] and this is equally true with respect to the review of proceedings of administrative agencies.[6] Undesirable as it is to extend legal proceedings, in view of the unsatisfactory and inadequate record, due in part to fault on both sides of the controversy, it is deemed necessary to remand this matter to the Tax Commission for such further proceedings as may seem advisable. No costs awarded.

CALLISTER, C. J., and ELLETT and TUCKETT, JJ., concur.

HENRIOD, J., does not participate herein.

---

4. See Tucker Realty Ins. v. Nunley, 16 Utah 2d 97, 396 P.2d 410, and authorities therein cited at footnote 6 therein.

5. See LeGrand Johnson Corporation v. Peterson, 18 Utah 2d 260, 420 P.2d 615; Rule 76(a), Utah Rules of Civil Procedure.

6. The Utah Rules of Civil Procedure are applicable to the review of administrative proceedings. Rule 81(d), U.R.C.P. Even without express statutory authority, the court can so remand to an administrative agency. See Public Service Commission v. Chicago, Indianapolis and Louisville Ry. Co., 235 Ind. 394, 132 N.E.2d 698, 134 N.E.2d 53; 2 Am.Jur.2d, Administrative Law, Secs. 764–767. The court should remand where the record is inadequate or if the administrative proceeding was improper. See 2 Davis, Administrative Law Treatise, Secs. 16.01–16.14 (1958).