**SALT LAKE COUNTY, a body politic,**
**Plaintiff,**

v.

**TAX COMMISSION of the State of Utah**
**et al., Defendants.**

**Nos. 13581, 13583.**

Supreme Court of Utah.

March 7, 1975.

R. Paul Van Dam, Salt Lake County Atty., Richard S. Shepherd, Deputy Salt Lake Co. Atty., Bill Thomas Peters, Special Deputy Salt Lake Co. Atty., Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., G. Blaine Davis, Michael L. Deamer, Asst. Attys. Gen., Salt Lake City, for defendants.

MAUGHAN, Justice:

These are original actions in certiorari to review the proceedings and orders of the Tax Commission of the State of Utah. The reasons upon which this decision is grounded apply to both proceedings; consequently, they are decided as one.

These matters had their beginnings in applications filed with the Salt Lake County Board of Equalization for tax exemption for their respective properties for the year 1973. The Salt Lake County Board of Equalization determined that neither the Salt Lake Ladies Literary Club nor the Episcopal Bishop's Residence met the requirements for tax exemption, under Article XIII, Section 2, Constitution of the State of Utah, and the provisions of Section 59–2–1, U.C.A.1953, as amended. Both applicants then appealed to the State Tax Commission, which body then gave notice to all parties that an individual informal hearing would be held for each ap-

plicant. The informal hearings were convened, each applicant appeared but Salt Lake County for some reason chose not to appear. The result of the hearings were orders of the Tax Commission reversing the Salt Lake County Board of Equalization, and granting tax exemption to both applicants. Salt Lake County after receiving notice of the decisions of the Tax Commission, filed a petition with that Commission for a formal hearing. This petition is alleged to have been denied.

But for these alleged denials of the plaintiff's petitions for formal hearings, this court could affirm the decisions of the Tax Commission and put an end to these matters. The applicants appeared in support of their appeals, there is nothing in the record to show that the actions of the Commission at the informal hearings were arbitrary or capricious, and we could assume that their decisions were reached after analysis of the evidence adduced by the applicants and the record submitted by Salt Lake County. Informal hearings are an important adjunct of the administrative process, for the reason that many questions are settled short of extensive litigation. Such hearings find their place in administrative law generally, and they do so here.

The County urges this court to proceed directly to the merits of both matters, and render decisions thereon, without regard to procedural requirements. We deem these cases not to be proper ones for such disposition.

■ The Tax Commission has a code of administrative procedure, of which we take judicial notice.[1] Section 4 of that code provides for petition for hearing, and under Section 4–5 determines what happens if the Commission denies a petition for hearing, the grounds for which a hearing may be denied, and that such denial will be an appealable order. Section 5–2 provides for two types of adjudicatory hearings, informal and formal, that all initial petitions for hearings will be for informal hearings, and that they will precede formal hearings in each case. This section goes on to say that if a party is not satisfied with the determination made by the Commission after informal hearing that a petition for formal hearing may be made. There is also provision for waiver of formal hearing, by all parties, and rendition of an order by the Commission, from which an appeal may be taken.[2] The record does not show compliance with this rule.

The only record of the alleged denials of the petitions for formal hearings made by the County are found in the briefs of the County. These statements are not denied in the Commission's briefs, so we take the County's statements as representing the facts.

■ The County is entitled to formal hearings, and in the interest of orderly procedure such hearings should be held prior to an appeal to this court. Such formal hearings would produce, pursuant to Section 5–13 of the Commission's Code of Administrative Procedure, a formal decision, in writing, signed, including findings of fact and conclusions of law.

The practical reasons for requiring administrative findings are so powerful that the requirement has been imposed with remarkable uniformity by virtually all federal and state courts, irrespective of a statutory requirement. The reasons have to do with facilitating judicial review, avoiding judicial usurpation of administrative functions, assuring more careful consideration, helping parties plan their cases for rehearing and judicial review, and keeping agencies within their jurisdiction.[3]

1. Rule 9(2), Utah Rules of Evidence. In this connection, it should be noted that 63–46–1 et seq., U.C.A.1953, as amended L.1973, provides for the preparation of uniform procedural rules for state agencies, by the Attorney General. The Commission's Code of Administrative Procedure dates to 1967, and does not appear to be responsive to the statute.

2. 5–3 Code of Adm.Proc., State Tax Comm.

3. 2 Davis, Administrative Law Treatise, Sec. 1605, p. 444.

■ The Tax Commission is a quasi-judicial body, and its proceedings should produce basic findings supported by evidence and conclusions which flow rationally from the basic findings.[4]

When the Commission sits as a State Board of Equalization, as it does in these instances, its rule provides that such hearings will be formal hearings. From an order entered, after such hearing, an appeal, in the form of a petition for a writ of certiorari, to this court, may lie.[5]

■ For reasons stated herein, and those set forth in Nelson v. State Tax Commission,[6] we remand these matters to the Commission for the purpose of holding formal hearings in consonance with this opinion.

CROCKETT and TUCKETT, JJ., concur.

ELLETT, Justice (dissenting):

I dissent.

The Tax Commission ordered an informal hearing on these matters, but the petitioner failed to attend. The petitioner makes no claim that the Code of Administrative Procedure is defective. It simply wants this court to remand the matters and order the Tax Commission to hold that the property is taxable.

After failing to attend the informal hearing, the petitioner requested the Tax Commission to hold a formal hearing. This was refused, and the petition to this court followed.

There is no record of facts before us, and the unrefuted allegations in petitioner's brief are not any evidence upon which we could justify ordering the Tax Commission to hold the property taxable.

I think the Tax Commission was justified in refusing to hold a formal hearing. If it must hold such a hearing on every appeal, it could not possibly perform its work. A great number of matters appealed from local boards to the Tax Commission can be and are settled at an informal hearing. Such a hearing is in the nature of a pretrial conference before the courts, where facts are agreed upon and issues of law are settled. A party who would not attend a pretrial conference would be in a poor position to complain of rulings made by the court which were based upon matters not in dispute at the conference. To me it seems that one who appeals to the Tax Commission from the local board must attend the informal hearing to see if there are any genuine issues to be determined, and if he fails to do that, he is in no position to ask for a formal hearing.

I think the petition should be dismissed and the ruling of the Tax Commission affirmed.

HENRIOD, C. J., concurs in the views expressed in the dissenting opinion of Mr. Justice ELLETT.

---

4. Ibid., Sec. 16.06, p. 451.

5. 9–3 Code of Adm.Proc., State Tax Comm.

6. 29 Utah 2d 162, 165, 166, 506 P.2d 437 (1973).