232 Ind. 501 (1953)
112 N.E.2d 429
STATE OF INDIANA EX REL. PUBLIC SERVICE COMMISSION OF INDIANA, ET AL., ETC.
v.
JOHNSON CIRCUIT COURT, BARNETT, JUDGE, ETC.
No. 29,023.
Supreme Court of Indiana.
Filed May 20, 1953.
Rehearing denied August 4, 1953.
*502 Edwin K. Steers, Attorney General and Jesse D. Wright, Deputy Attorney General, for relator.
Bell & Bell, of Indianapolis and Miller, Pogue & Lybrook, of Franklin, for respondents.
*503 EMMERT, C.J.
This is an original action for a writ of prohibition. We issued a temporary writ prohibiting the Johnson Circuit Court, and the regular judge thereof, from exercising further jurisdiction in Cause No. 16266, entitled Joseph Schaller, and Associated Freight Lines, Inc., Plaintiffs vs. Public Service Commission of Indiana, et al. The petition here for the writ, and the return of respondents thereto, put in issue the validity of a judgment of said trial court entered upon a special finding of facts and conclusions of law. The history of the controversy between the Commission and Joseph Schaller and the Associated Freight Lines, Inc., is essential to this decision.
On March 30, 1949, Joseph Schaller was a holder of a Certificate of Public Convenience and Necessity No. 1314-A, 1, for the operation of a trucking line as a common carrier in intrastate commerce. On that date Schaller contracted to sell his Certificate to Associated Freight Lines, Inc., and to consummate the sale they filed a joint petition for approval of the sale with the Public Service Commission of Indiana as required by § 47-1219, Burns' 1952 Replacement. However, for unexplained reasons not appearing of record in this original action, there was no hearing had upon the joint petition until more than two years thereafter. On April 19, 1951, a hearing was had, and on July 5, 1951, the application was dismissed.[1]
*504 In the meantime, on the 30th day of December, 1950, on the complaint of Joseph Schaller and Associated Freight Lines, Inc., the Superior Court of Marion County, Room No. 4, had entered the following judgment:
"IT IS THEREFORE, CONSIDERED AND ADJUDGED by the Court, that the Defendants [the Commission and the Commissioners] be, and they are, hereby perpetually enjoined from attempting to carry out and enforce the order of July 13, 1950, in cause No. 1314-A, 1, modifying, amending, or otherwise disturbing Certificate of Public Convenience and Necessity, No. 1314-A, 1, or the order of the Public Service Commission dated December 23, 1938, under which said Certificate of Public Convenience and Necessity, No. 1314-A, 1, was issued.
"IT IS FURTHER CONSIDERED AND ADJUDGED by the Court that the order of July 13, 1950, in Cause No. 1314-A, 1, be, and the same is hereby set aside, and declared null and void."[2]
It is our construction of this judgment that it only enjoined the order of the Commission of July 13, 1950, *505 in Cause No. 1314-A, 1, whatever that order might have been.
On August 16, 1951, Joseph Schaller and the Associated Freight Lines, Inc., as plaintiffs filed their complaint against the Commission and its official members in Cause No. 85,331 in the Superior Court of Marion County, Room 1, whereby pursuant to § 47-1249, Burns' 1952 Replacement, they sought to review the order of the Commission entered July 5, 1951, dismissing the plaintiffs' joint petition for approval of the sale of the Certificate of Public Convenience and Necessity. The venue of this cause was changed to the Johnson Circuit Court where a trial was had, and the court made and filed a special finding of facts and conclusions of law. The judgment of the Johnson Circuit Court is as follows:
"IT IS THEREFORE ORDERED, CONSIDERED, ADJUDGED AND DECREED by the Court that the order of the defendant Public Service Commission of Indiana and its then Commissioners dated July 5, 1951 dismissing the application of Joseph Schaller and Associated Freight Lines Inc., for approval of a sale and transfer of Certificate of Public Convenience and Necessity No. 1314-A, 1, from the former to the latter in respect to rights of property and the right of transfer of such rights of property created by said Certificate be, and the same is, hereby vacated and set aside and the said defendant, Public Service Commission of Indiana, acting by and through its commissioners and co-defendants, be, and it and they are hereby directed to reinstate of record by order duly made, said petition to transfer said Certificate so wrongfully heretofore dismissed.
IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the joint application of Joseph Schaller and Associated Freight Lines, Inc., for approval of the sale and transfer of Certificate No. 1314-A, 1, be reinstated in the records of said Commission and that *506 the defendants and each of them be, and they are hereby ordered and directed to issue forthwith an order approving said sale and transfer of said Certificate No. 1314-A, 1, from Joseph Schaller to Associated Freight Lines, Inc."
On February 13, 1953, the Public Service Commission of Indiana filed a motion to modify the judgment, which is yet pending, and unruled upon by said court.
On February 13, 1953, Joseph Schaller and Associated Freight Lines, Inc. in the Johnson Circuit Court filed a verified petition for a rule to show cause against the Commission and its official members requiring them to show cause why they should not be punished for contempt of court for failure to comply with the judgment of said court.
We are of the opinion that that part of the judgment of the Johnson Circuit Court which mandated the Commission and the commissioners to enter an order approving the sale and transfer of the Certificate from Joseph Schaller to the Associated Freight Lines, Inc., was in excess of the jurisdiction of the Johnson Circuit Court, and for that reason was void.
Under § 1 of Article 3 and § 1 of Article 4 of the Constitution of Indiana, the Johnson Circuit Court is not a legislative or administrative agency of the State, and it has no authority to usurp or exercise the functions of the Commission.
In In re Northwestern Indiana Tel. Co. (1930), 201 Ind. 667, 171 N.E. 65, the Northwestern Indiana Telephone Company sought to sell its capital stock and assets to the Winona Telephone Company and the Crown Point Telephone Company. The Commission denied a petition to approve the sale. The petitioners filed an action in the Lake Circuit Court to review the action *507 by the Commission, and the trial court found the action of the Commission "was unreasonable and unlawful and not sustained by sufficient evidence," upon which finding the court entered a judgment ordering the Public Service Commission to approve the sale on the terms set forth in the petition before it. This court, in an opinion by Judge Myers, after a careful examination of the constitutional issues involved, held that the Legislature could not vest the courts with legislative or administrative powers over the Commission, and that that part of the order which substituted the discretion of the court for that of the Commission "was without the power of the court."
A similar issue was presented in Federal Power Com. v. Pacific Power & L. Co. (1939), 307 U.S. 156, 160, 59 S.Ct. 766, 83 L.Ed. 1180, 1183. The Inland Power & Light Company and the Pacific Power & Light Company filed a joint application with the Federal Power Commission for approval of a sale of the assets, including licenses, of Inland to Pacific, which application, after hearing, was denied by the Commission. The Supreme Court of the United States, in an opinion by Mr. Justice Frankfurter, held that judicial action by the federal courts could not "supplant the discretionary authority of a commission," and that the court itself could not "approve or disapprove the transfer," but that the "court has power to pass judgment upon challenged principles of law insofar as they are relevant to the disposition made by the Commission," and that "`a judgment rendered will be a final and indisputable basis of action between the commission and the defendant.'" The court would not presume that the Commission would not heed the decision of the court.
This court approved this reasoning in Heflin v. Red Front Cash & Carry Stores, Inc. (1947), 225 Ind. 517, *508 75 N.E.2d 662, in holding that the Appellate Court, by its mandate, could not order the Industrial Board to enter a particular order, and that the proper mandate was to order the Industrial Board "to vacate and set aside its award and to proceed further in a manner not inconsistent with the views herein expressed."
It is apparent from the finding made by the Commission on April 5, 1951, which is set out in Note 1, that the Commission was in error as to the nature of a Certificate of Public Convenience and Necessity. It is our opinion that under the statute such a certificate is a property right. Section 47-1219, Burns' 1952 Replacement, provides, "Any certificate or permit or part thereof owned, held or obtained by any such carrier may be sold, assigned, leased, bequeathed or transferred as other property upon approval by the commission ..." (Italics added.) In Swallow Coach Lines, Inc. v. Cosgrove (1938), 214 Ind. 532, 535, 15 N.E.2d 92, this court said, "The indeterminate permit constituted a contract between the Greyhound Lines and the state." See also Vol. 1 (Part 2) Blashfield Cyc. of Auto. Law and Pr. (Perm. Ed.) § 491, pp. 300, 301.
The first paragraph of the judgment of the Johnson Circuit Court ordering the setting aside of the dismissal by the Commission and the reinstatement of the petition to transfer, was within the jurisdiction of the Johnson Circuit Court. But our constitutional provisions on the separation of powers of government invalidate the second paragraph of the judgment whereby the Commission was ordered to grant the petition and approve the sale of the certificate.
"There are in general three jurisdictional elements in every valid judgment, namely, jurisdiction of the *509 subject matter, jurisdiction of the person, and the power or authority to render the particular judgment." 1 Freeman, Judgments (5th Ed.) § 226, pp. 444, 445. "`It is well settled by the authorities that a judgment may be void for want of authority in a court to render the particular judgment rendered though the court may have had jurisdiction over the subject matter and the parties.'" 1 Freeman, Judgments (5th Ed.) § 354, p. 733. If a judgment is in part beyond the power of the court to render, it is void as to the excess. Ex parte Rowland (1882), 104 U.S. 604, 26 L.Ed. 861.[3] See also Underhill v. Franz (1951), 230 Ind. 165, 101 N.E.2d 264.
We are unable to agree with respondent's contention that the Commission cannot now attack the judgment of the Johnson Circuit Court because a preceding Attorney General had agreed to the entry and order on the 8th day of January, 1953. The Attorney General is a statutory officer, and he has no rights, powers or duties except those granted by the statute or necessarily implied to carry out an express power. Davis v. Pelley (1952), 230 Ind. 248, 102 N.E.2d 910; State ex rel. Young v. Niblack (1951), 229 Ind. 596, 99 N.E.2d 839. There is no statute granting the Attorney General any authority in this case to waive any question of jurisdiction over the person of any of his official clients, or over the subject matter of the action, or the jurisdiction of the trial court to enter the particular judgment it did enter. See Ford Motor Co. v. Treasury Dept. (1945), 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389.
The temporary writ is amended to prohibit the *510 Johnson Circuit Court and the judge thereof from exercising further jurisdiction to enforce that part of the judgment ordering the Commission to approve the sale and transfer of the Certificate of Public Convenience and Necessity No. 1314-A, 1, from Joseph Schaller to Associated Freight Lines, Inc., and the temporary writ as amended is now made permanent.
NOTE.  Reported in 112 N.E.2d 429.
NOTES
[1] The finding and order of the Commission in part states as follows:

"The Commission, having examined the application, having considered all the issues involved in the proceeding, and being duly and sufficiently advised in the premises, is of the opinion and now finds that, whereas a Certificate of Public Convenience and Necessity is a license which is identificable only with and has meaning and value only when issued to a particular licensee and whereas such a license of one person can not be transferred in specie to another licensee but can only be cancelled and another license issued to another licensee in the former's stead, even though the sale and transfer of such licenses is authorized by the Motor Vehicle Act of Indiana, such cancellation in effecting the sale and transfer sought to be approved in this application would be repugnant to the terms and conditions of the said order book entry above; that the granting of this application as prayed for would be in violation of and in contempt of the said Court's order in Cause No. B-78780; and that this application should be dismissed and it will be so ordered.
"IT IS THEREFORE ORDERED BY THE PUBLIC SERVICE COMMISSION OF INDIANA, that the application of Joseph Schaller, Rural Route No. 2, Noblesville, Indiana, seller, and Associated Freight Lines, Inc., 2612 West Morris Street, Indianapolis, Indiana, purchaser, for the approval of the sale and transfer of Certificate of Public Convenience and Necessity No. 1314-A, 1, property-intrastate, be and the same is hereby dismissed."
[2] There is no certified copy in the record in this original action setting forth the terms of the order of the Commission dated July 13, 1950, but no complaint is made here that the judgment declaring the order of July 13, 1950, null and void, was without the jurisdiction of the Superior Court of Marion County, Room 4.
[3] This is the rule in criminal judgments where our court has held the judgment is void as to the excess. Hunnicutt v. Frauhiger (1927), 199 Ind. 501, 158 N.E. 572; Miller v. Allen (1858), 11 Ind. 389.