235 Ind. 394 (1956)
132 N.E.2d 698
PUBLIC SERVICE COMMISSION OF INDIANA
v.
CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY.
No. 29,295.
Supreme Court of Indiana.
Filed March 19, 1956.
Rehearing denied May 11, 1956.
*397 Edwin K. Steers, Attorney General, Frank E. Spencer and Arthur H. Gemmer, Deputy Attorneys General, for appellant.
Sammons & Sammons, of Kentland, Harker & Irwin, of Frankfort, and Albert S. Long, Jr., of Chicago (of counsel) for appellee.
ARTERBURN, J.
This is an appeal from the judgment of the Newton Circuit Court vacating and setting aside an order of the Public Service Commission of Indiana, and authorizing and directing the appellee, Railroad, to discontinue the service of an agent at one of its stations. The appellee, Railroad, previously filed a petition before the Commission to abandon and discontinue such service. After a hearing the petition was denied by the Public Service Commission. After a hearing in the trial court and judgment entered the appellant filed a motion to modify the judgment, which was overruled. The overruling of this motion is assigned as error. All specifications in the assignment of errors have been waived except the overruling of a motion to modify the judgment. All specifications in the motion to modify the judgment have been waived except Specifiction No. 4 therein. The elimination of all these issues occur by reason of the voluntary act of the appellant in failing to discuss such assignments in its brief. The evidence is not brought up on this appeal.
The trial court may not set aside an order of the Public Service Commission if it is supported by substantial evidence and is not contrary to law. Since the appellant, Public Service Commission, has not seen fit to bring the evidence before us on this appeal, it follows that we must assume that the trial court in vacating and setting aside the order of the Public Service Commission found either that it was not *398 supported by substantial evidence or that from the record or evidence, the order was contrary to law.
The motion to modify the judgment, omitting the caption and Specifictions 1, 2, and 3, which are based upon an examination of the evidence, reads as follows:
"The defendant, Public Service Commission of Indiana, by its attorney, Edwin K. Steers, Attorney J.D. Wright and Arthur H. Gemmer, OBJECTS TO THE JUDGMENT AND DECREE as heretofore entered in said cause and hereby MOVES THE COURT TO MODIFY AND CORRECT SAID JUDGMENT in the following separate and several specifications for the reasons indicated:
"SPECIFICATION 4. That portion of the Court's decree reading:
"`... the plaintiff herein be, and it is hereby authorized and directed to discontinue the services of an agent at Cedar Lake, Indiana.'
for the reason that said portion is contrary to law in that the General Assembly of Indiana has constituted the Public Service Commission of Indiana as the legislative agency with the sole and exclusive right to so order and direct, and the above-setout portion exceeds the power and jurisdiction of this Court by attempting to exercise a legislative function."
The main contention of the appellant is that the trial court had no power or authority to enter an affirmative decree, authorizing the abandonment of the station, although it had the power, under the statute, to "vacate or set aside or enjoin the enforcement of any such decision, ruling, order, determination, requirement or direction, (of the Public Service Commission) on the ground that the same is insufficient, unreasonable, unlawful, or procured by fraud or other unlawful methods." Acts 1929, ch. 169, § 1, p. 530, being § 54-429, Burns' 1951 Replacement; Public Service Comm. v. Ft. Wayne U. Ry. Co. (1953), 232 Ind. 82, 111 N.E.2d 719.
*399 The words "insufficient" "unreasonable" and "unlawful" or other terminology of like import in the statute, fixing the grounds for a judicial review has only a limited meaning, in order to give such a statute constitutional life. Under such terminology the courts may review an administrative order only to determine whether or not it is supported by substantial evidence or is contrary to law. It is said to be contrary to law if any statute, constitutional provision, legal principle, or rule of substantive or procedural law has been violated in the composition of the final administrative order.
It is conceded by the parties that this appeal is statutory; that the trial before the Newton Circuit Court, was not a trial de novo and the trial court could not substitute its opinion for that of the Commission; that the order of the Public Service Commission could not be set aside by the trial court unless there was no susbtantial evidence to support it or unless it was contrary to law; that the trial court could not mandate the Public Service Commission to enter any particular order; and that a trial court may not usurp the legislative prerogative of the Public Service Commission by exercising the discretionary powers given it. Public Service Commission et al. v. City of Indianapolis (1956), 235 Ind. 70, 131 N.E.2d 308; N.Y., C. & St. L.R.R. Co. v. Singleton (1935), 207 Ind. 449, 190 N.E. 761.
Considerable emphasis has been given in the argument and the briefs to the well-recognized principle that the court may not substitute its judgment for that of the administrative commission and particularly make an affirmative order, which results in displacing the legislative discretion of the Commission for that of the court. In Re Northwestern Indiana *400 Tel. Co. (1930), 201 Ind. 667, 171 N.E. 65; McCardle v. Board, etc. (1924), 195 Ind. 281, 144 N.E. 877; Terre Haute Gas Corporation v. Johnson (1943), 221 Ind. 499, 45 N.E.2d 484; 48 N.E.2d 455; State ex rel. Pub. Serv. Comm. v. Johnson Cir. Ct. (1953), 232 Ind. 501, 112 N.E.2d 429.
However, there are some factual and procedural differences between the cases cited and the one before us for consideration. In the above cases the judgments entered were mandatory in character, directed against the Commission. An examination will reveal in most of these cases, if not all of them, that the court attempted to mandate or direct the Commission to enter an order in conformity with what the trial court thought should be the proper relief in the premises. This is not the kind or character of the judgment in the case now before us for consideration. The pertinent part of the judgment reads as follows:
"It is therefore considered, ordered and adjudged by the court that the decision and order of the Public Service Commission in the cause above referred to, be and the same is hereby, reversed and vacated.
"It is further considered, ordered and adjudged by the court that the plaintiff herein, be, and it is hereby, authorized and directed to discontinue the services of an agent at Cedar Lake, Indiana."
There is no mandatory judgment against the Public Service Commission. The first paragraph of the judgment is correct in all respects. Some criticism is made of the word "reversed" rather than the statutory word "set aside" but we do not find there is any material or substantial difference or effect in the use of the words.
The main attack is made upon the second paragraph which authorizes the appellee to discontinue services of *401 the agent. This paragraph has the appearance of an affirmative order although not directed at the appellant, Public Service Commission. However, an examination of the order of the Public Service Commission reveals that its order did not stop with the mere denial of the petition before it for a discontinuance of the services, but the order of the Commission was affirmative and mandatory in character also, as will be noted:
"IT IS THEREFORE ORDERED BY THE PUBLIC SERVICE COMMISSION OF INDIANA that the petition of the Chicago, Indianapolis and Louisville Railway Company, joined-in by the intervening Railway Express Agency, Incorporated, be and the same is hereby denied, and that said Cedar Lake Station remain as now operated as an open agency station."
Since the Commission saw fit to direct the continued operation of the agency in its order, a mere vacation and setting aside of this order by the trial court has the effect of nullifying the mandatory part of the Commission's order. The court has the power under the statute, additionally, to "enjoin the enforcement of any such decision, ruling, order ..." § 54-429, Burns' 1951 Replacement, supra. Therefore, the second paragraph of the judgment, of which particular complaint is made because of alleged affirmative relief stated therein, is to all purposes and extent surplusage since it adds nothing to the judgment of the first paragraph, which reverses, vacates, and in effect sets aside the order of the Public Service Commission, directing that the station continue or remain in operation. Whether the latter portion of the judgment be given any effect, is immaterial, since the results would be the same with or without that paragraph. If the administrative order is affirmative or mandatory in character, the result is that such an order cannot be enforced by the Commission *402 against the complaining party where such affirmative order is vacated, set aside, or enjoined.
The trial court, in this case, after a consideration of the evidence and proceedings before it, determined that the order of the administrative body was not supported by substantial evidence or was contrary to law. The appellee, Railroad, contends that the Public Service Commission applied an improper formula which eliminated all indirect expenses from consideration of the financial situation at the station, in weighing such factor with the public convenience and necessity on the issue of the abandonment of the service. The trial court has the judicial power to set aside or enjoin such an order if the evidence shows that it is based upon an improper formula which is contrary to law. Hessey v. Capital Transit Co. (1949), 193 Md. 265, 66 A.2d 787, 10 A.L.R.2d 1114; See Annotations.
Since the Public Service Commission, appellant herein, has not seen fit to bring up on this appeal the evidence which was presented before it and also the evidence which was presented before the trial court, we have no opportunity to determine whether or not its order was supported by substantial evidence or was contrary to law. We are compelled, therefore, to take the decision or finding of the trial court as final, upon that question to which the Commission has acceded by its failure to bring the evidence before us. The only point remaining before us here, as a result, is a rather narrow and technical one, namely, the wording and form of the judgment. It seems to us that this is more a matter of words and phraseology than of substance. It does not in practical effect change the net result of the vacating or setting aside of the order of the Public Service Commission. Nevertheless, it should be stricken out, since a court may not *403 make an order which is the duty of an administrative body to make.
The general rule is, that even in the absence of the statute conferring such power, a reviewing court may remand a case to the administrative body for further proceedings in conformity with the law as defined by the judgment and decision of the court. Heflin v. Red Front Cash & Carry Stores, Inc. (1948), 225 Ind. 517, 75 N.E.2d 662; Federal Power Commission v. Pacific Co. (1938), 307 U.S. 156, 83 L.Ed. 1180, 59 S.Ct. 766; 42 Am. Jur., Public Administrative Law, §§ 244-249, pp. 686-691.
Remanding it to the administrative body gives it an opportunity to correct the irregularities in its proceedings as determined by the court. At the same time it avoids the court's encroachment upon its administrative functions. There is no more reason for assuming that the commission will disregard the law as fixed by this reviewing court than that a lower trial court will do so.
The judgment of the trial court is affirmed as to the first paragraph with directions to strike out and delete the second paragraph thereof, and to remand the case to the Public Service Commission of Indiana with directions for that body to vacate and set aside its order which denies appellee's petition and compels appellee to continue the operation of its station, and for further proceedings consistent with the law stated in this opinion.
Bobbitt, C.J., Emmert, Achor and Landis, JJ., concur.

ON PETITION FOR REHEARING
ARTERBURN, J.
The appellee on petition for rehearing contends that this court should state in its opinion that the Newton Circuit Court heard the case on its *404 merits and that the Public Service Commission should set aside its prior order and should make a new order directing the abandonment of the station in question; that in "so doing this court neither makes an order for the Commission nor mandates the Commission to make any particular order, but only states the law for the guidance of the Commission and gives meaning to the final language of this court, `and for further proceedings consistent with the law stated in this opinion.'"
This seems to us to be the same point raised and discussed in the original opinion, namely, that neither this court nor the trial court may make an affirmative order on the merits and substitute its opinion for that of the administrative body. We see no difference in a direct affirmative order made to an administrative body to vacate and abandon the station, than an opinion which states exactly what the Commission should do on the merits followed by a mandate to the Commission "for further proceedings consistent with the law stated in the opinion."
The purpose of a judicial review of an administrative order by the court is not to decide the matter on the merits for the administrative body but rather solely to determine whether or not the order made by the administrative body was outside the limits and jurisdiction of such body. Once the matter of jurisdiction is determined the court has no further right to interfere with an administrative procedure which belongs to another department of the government  not the judiciary. As a court, we have no right to substitute our judgment on the merits of an issue before an administrative body acting within its jurisdiction.
The appellee further contends that this court should state in its opinion for the guidance of the Commission, *405 whether or not the formula used by the Commission in determining the financial factors to be weighed on the issue of the abandonment of the station was erroneous or not. The evidence was not in the record on this appeal and we have no way of determining what factors weighed with the Commission in the making of its order, or what grounds the trial court had for vacating the order of the Commission. The fear that the administrative body will reopen the matter, rehear it, or institute new proceedings ad infinitum, on matters within its jurisdiction cannot be made the basis for a court imposing its personal opinion upon that of an administrative body in another department. The remedy for any disappointment or unsatisfactory results before an administrative body which is acting within its jurisdiction is with the Legislature and not the courts.
The petition for rehearing is denied.
Bobbitt, C.J., Emmert, Achor ad Landis, JJ., concur.
NOTE.  Reported in 132 N.E.2d 698.
Rehearing denied 134 N.E.2d 53.