RICHARD D. WOLFCALE v. WELLS COUNTY.[1]

[No. 2-277A52. Filed July 20, 1977. Rehearing denied August 20, 1977. Transfer denied November 15, 1977.]

*Kent H. Musser, McDonald & Musser,* of Indianapolis, for appellant.

1. The Petition for Judicial Review was not sought against the County in the usual style, i.e., Board of Commissioners of the County of Wells (*See* IC 17-1-14-5 [Burns 1974]) nor against the county governmental organization whose decision is attacked, i.e., Wells County Sheriff's Merit Board. *See* Indiana Rules of Procedure TR. 19(F); TR. 83; *State ex rel. Jose* v. *City of Indianapolis* (1935) 209 Ind. 156, 198 N.E. 297; *Hatcher* v. *Bd. of Comm'rs. of Lake Co.* (1972), 155 Ind. App. 27, 290 N.E.2d 801. Neither was service of process made except by service upon the county attorney. *See* TR. 4.6(A)(4). The County has nevertheless submitted to the jurisdiction of the reviewing court below and to the jurisdiction of this court upon appeal.

*William D. Seese, Gallivan, Hamilton, Hamilton, Seese & Patterson,* of Bluffton, for appellee.

SULLIVAN, J.—Richard D. Wolfcale was suspended and thereafter terminated as a Wells County Deputy Sheriff following proceedings before the Wells County Sheriff's Merit Board. Wolfcale sought "judicial review" of that determination in the Wells Circuit Court. Following change of venue, the Adams Circuit Court dismissed Wolfcale's Petition for Judicial Review, reasoning that the Administrative Adjudication Act, IC 4-22-1-14 (Burns 1974) was applicable and that Wolfcale had failed to bring himself within the provisions of that Act for purposes of review in that the petition was not verified and was not filed within fifteen days after notice of the Merit Board decision. We reverse.

Our disposition is governed by *Tippecanoe Valley School Corporation* v. *Leachman* (1970), 147 Ind. App. 443, 261 N.E.2d 880 (transfer denied), a case cited neither by Wolfcale nor by the County. The court there held the Administrative Adjudication Act "applicable *only* to agencies of statewide government . . ." (original emphasis). It is therefore apparent that the reviewing court below erred in applying the fifteen day filing requirement of the Act to Wolfcale's petition for review.

The judgment is reversed and the cause remanded for further proceedings.

White, J., concurs.

Lowdermilk, J. (participating by designation), concurs.

NOTE.—Reported at 364 N.E.2d 1023.