ALFRED A. YUNKER *v.* PORTER COUNTY SHERIFF'S MERIT BOARD,
ORIS BEDENKOP, JOHN LEAR, HARRY CORWIN AND
CHARLES POLAREK, IN THEIR CAPACITY AS MEMBERS OF SAID BOARD;
JACK J. BRADSHAW,
SR., IN HIS CAPACITY AS SHERIFF OF PORTER COUNTY,
INDIANA; LAWRENCE F. PENNELL, IN HIS CAPACITY AS
CAPTAIN OF THE PORTER COUNTY POLICE FORCE;
AND JAMES G. ATKINSON, IN HIS CAPACITY AS A
SERGEANT OF SAID FORCE.

[No. 3-276A43. Filed November 22, 1978.]

*Ivan E. Bodensteiner, Hugh E. Martz, Calumet Chapter, Indiana Civil Liberties Union,* of Valparaiso, for appellant.

*Harris, Welsh & Hiestand,* of Chesterton, for appellees.

HOFFMAN, J.—Appellant Alfred A. Yunker appeals from the trial court's judicial review of the administrative decision of the Porter County Sheriff's Merit Board recommending the dismissal of Officer Yunker for various acts of official misconduct.

The issues raised in this appeal involve the propriety of certain procedures utilized by the administrative board. These asserted irregularities concern the sufficiency of notice; the failure to inform appellant of his right to counsel; denial of the right to meet and cross-examine witnesses; to present evidence in his own behalf and to be heard by an impartial tribunal. Appellant further contends that the reviewing court should have held a *de novo* hearing and that he was denied a meaningful review of the action of the administrative agency because of the inadequacy of the transcript and the lack of specific findings of fact. Although the case must be remanded for findings of fact, the other issues raised in this appeal may be resolved without referring to findings of fact.

An orderly resolution of the issues requires an examination of the applicable procedural statutes to be considered. IC 1971, 17-3-14-1 *et seq.* (Burns Code Ed.) requires the county council of each county in the state to create a Sheriff's Merit Board and provides a hearing before the Board in cases of discharge, demotion or temporary suspension of county policemen. Such statute encompasses the matter here in question.

The parties stipulated at trial that the provisions of the Administrative Adjudication Act (the AAA), IC 1971, 4-22-1-1 *et seq.* (Burns Code Ed.), applied to the case at bar. This Court has, however, previously held that the AAA applies only to state-wide administrative bodies. *Tippecanoe Valley School Corp. v. Leachman* (1970), 147 Ind.App. 443, 261 N.E.2d 880. Consequently, the terms of IC 1971, 17-3-14-7 (Burns Code Ed.) and general principles of administrative law govern this appeal.

In addition, contrary to appellant's contention, the provisions of IC 1971, 18-1-11-1 *et seq.* (Burns Code Ed.), and IC 1971, 19-1-3-2 (Burns Code Ed.), do not apply to this case. Both statutes apply to cities rather than counties. Moreover, our decision in *Pope v. Marion Co. Sheriff's Merit Bd.* (1973), 157 Ind.App. 636, 301 N.E.2d 386, stated that the same *standard of review* applied by the trial court in cases involving disciplinary action by the boards of public safety regarding city policemen applied as well to reviews of disciplinary actions by merit boards regarding county policemen. The *Pope* decision does not

mean that the merit board proceeding is governed by statutes relating to city policemen. Thus, an assertion that the Sheriff's Merit Board failed to follow a procedure found in an act relating to city policemen is without merit.

Appellant first contends that he was denied his right to a fair hearing before the merit board due to certain irregularities in the notice of hearing. The first of these irregularities is whether he was given "timely" notice. In a letter dated May 1, 1975, the Sheriff notified appellant that various charges of misconduct had been brought against appellant by Sgt. James Atkinson, Capt. L. Pennell and the Sheriff. Enclosed with the letter were letters and statements made by private persons. Officer Yunker received written notice of the charges on May 3, 1975. The Merit Board hearing was held on May 6, 1975. Appellant contends that although IC 1971, 17-3-12-7 (Burns Code Ed.) has no specific time requirement in which notice should be given, the Administrative Adjudication Act requires an absolute minimum of "at least five [5] days' notice in writing" of the matters to be determined by the administrative agency. IC 1971, 4-22-1-6 (Burns Code Ed.).

As it has already been determined that the AAA does not govern this case, no further discussion of the five-day requirement is warranted. Although IC 1971, 17-3-14-7 (Burns Code Ed.), sets no time requirement for the notice, it must be deemed to require that the notice be received a reasonable time prior to the hearing. Any period of time which allows the county policeman to seek the advice of counsel, to adequately prepare a defense and to have a fair opportunity to be heard is a reasonable time.

The record discloses that Yunker received notice three days before the scheduled date of the hearing and that the three-day period was a reasonable time in this case. Only a few hours after receiving the notice, Yunker met with Sgt. Atkinson and Sheriff Bradshaw to discuss the charges made against him. He then discussed the matter with his roommate, who was an attorney. As a result of the latter discussion, he decided to appear at the hearing without counsel because he thought having an attorney present might inflame the Board. He further decided not to present witnesses on his behalf at the hearing. Instead, he participated

in the hearing unassisted and, by his own admission, had the opportunity to fully discuss the charges at the hearing. Thus, Yunker was in no way denied a fair opportunity to be heard at the hearing.

Appellant's next asserted irregularity in the notice of hearing is that he was not properly notified of the charges to be considered by the Merit Board at the hearing. Sheriff Bradshaw's letter listed the specific provisions of the "Porter County Sheriff's — Police Department Rules and Regulations" which Officer Yunker was alleged to have violated. The notice also contained a letter of formal reprimand written by Sgt. James G. Atkinson listing the charges of misconduct he was preferring against Officer Yunker and setting forth the factual circumstances which led to the reprimand. Sheriff Bradshaw's letter further stated that the charge of conduct unbecoming an officer which he and Capt. Pennell were lodging against Yunker resulted from a letter of complaint received by the prosecutor's office and information received from Justice of the Peace Treadway. The letter received from the prosecutor's office as well as various reports made by others concerning this matter were contained in the notice. The notice also contained a report on Officer Yunker's failure to appear at a Justice of the Peace court which necessitated a continuance of that case.

The fundamental purpose of pleadings in the administrative process is to inform each party of the other's position so that each can properly prepare. However, an issue which is actually litigated cannot subsequently be challenged where the party has actual notice and an opportunity to defend. The failure to object to the introduction of issues at the hearing that were not covered by the complaint has the same effect as amending the complaint. Davis, Admin. Law § 8.02, at 196 (3d Ed. 1972).

In the case at bar, the only asserted violations which clearly were not contained in the charges or based on evidence actually forthcoming at trial concern outside employment without prior written permission of the Sheriff and outside employment which interfered with any duty assignments. Consequently, any violation based thereon would not have been based on notice or upon the evidence forthcoming at trial. However, other asserted violations of the rules and regulations found by the Merit Board are supported by the facts

alleged in the notice or the evidence presented at the hearing. Appellant thus had adequate notice of such charges.[1]

Appellant's assertion that he was discharged without proper notice of the purpose of the hearing and that the Merit Board has a duty to investigate any charges to determine the necessity of a hearing cannot be supported by the statutes regarding discipline of city policemen. Nor can appellant's position be sustained by our decision in *Jenkins v. Hatcher* (1975), 163 Ind.App. 95, 322 N.E.2d 117. Appellant argues that since *Jenkins* held a fireman was not entitled to a hearing (under the former law regarding city fireman) when demoted, an investigation must be made to determine whether the facts warrant a demotion or discharge and thus whether a hearing should be held. However, IC 1971, 17-3-14-7, *supra*, requires a hearing on demotion and temporary suspension as well as on discharge of a county policeman.

Appellant's final assertion of error with regard to the sufficiency of notice is that the charges were not specific enough to determine the conduct constituting the basis of each charge. The charges were supported by a statement of facts which were sufficiently specific to enable appellant to make an adequate defense.

Appellant next contends that he was denied the right to counsel, to confront and cross-examine adverse witnesses and to present evidence in his own behalf. An examination of the record demonstrates that such assertions are without merit.

IC 1971, 17-3-14-7, *supra*, provides that a county policeman who is brought before the Merit Board for matters of discipline or discharge may be represented by counsel. The rules and regulations of the Porter County Sheriff's Office are to the same effect. The notice of hearing received by Officer Yunker specifically stated that appellant had the right to be present at the hearing and the right to be represented by counsel if he wished. Sheriff Bradshaw testified that at the meeting with Sgt. Atkinson and appellant, he advised ap-

---

1. Since the case is remanded for failure of the Merit Board to make findings of fact, we do not decide whether the facts supported the findings. This discussion is limited to the question of whether there was notice of the violations charged.

pellant that he was going to need a good attorney. Appellant admits that even through the Sheriff did not directly advise him at the meeting to obtain counsel, such was implied from the conversation regarding his roommate who was an attorney. Appellant discussed the matter with his roommate attorney before the meeting and decided, as a result of this discussion, to appear at the hearing without an attorney and stated that he waived such right. Consequently, it cannot be said that appellant was denied his right to an attorney.

Likewise, appellant was not denied the opportunity to cross-examine witnesses and to present evidence in his own behalf.

Although no one actually testified against appellant at the hearing, such was rendered unnecessary by appellant's admission of various acts charged. Finally, appellant stated that he had the opportunity to discuss the matter fully before the Board. There was no error.

Appellant next contends that he was denied a hearing before an impartial tribunal. The basis of this contention is that a few days after the hearing, a member of the Sheriff's Merit Board stated in a private conversation, "We got rid of a dead head and we got a couple more to go." However, such a statement does not show that the Board member involved had any preconceived thoughts regarding the matter at the time of the hearing. The record reflects that three of the four board members who voted for appellant's immediate discharge had no knowledge of the charges against appellant before the May 6, 1975 hearing. The member who made the aforementioned statement knew on the afternoon of the hearing that Officer Yunker was to be brought before the Board that evening but did not know what the charges were and had not discussed the merits of the matter with the Sheriff. Appellant has failed to show any bias on the part of board members which denied him a hearing before an impartial tribunal.

Appellant next contends that he was entitled to a *de novo* hearing under the provisions of IC 1971, 18-1-11-3 (Burns Code Ed.). Assuming *arguendo* that such statute applies in proceedings for the discharge of a county police officer, the provision for *de novo* review has been held to mean that new issues are formed and determined and not that the issues at the hearing before the Board are

heard and determined anew. *City of Gary v. Gause* (1974), 162 Ind.App. 97, 317 N.E.2d 887.

Appellant next contends that he was deprived of his right to a meaningful review of the administrative decision because of an incomplete record of the evidence. Appellant makes a two-pronged attack focusing upon the sufficiency of the transcript and the findings of fact.

After the hearing a transcript, containing a statement of the proceedings and evidence, was prepared by the secretary of the Merit Board. Because of Yunker's admission of the acts charged, no witnesses actually testified against him. A verbatim transcript of the evidence was therefore unnecessary. Thus, the record of the hearing, though not a model, was sufficient as a transcript of the evidence.

If Yunker had wished to challenge the accuracy of that record he should have offered amendments thereto. This he could have done by following a procedure similar to that prescribed by Ind. Rules of Procedure, Appellate Rule 7.2(A)(3)(c). Although that procedure is not by its terms applicable to administrative proceedings, it should be so applied to accomplish a similar end.

Appellant's second attack focuses upon the failure of the Board to make findings of fact. Although IC 1971, 17-3-14-7 (Burns Code Ed.) does not contain an express requirement that the Board issue written findings, the existence of such findings is essential to preserve the limited scope of a reviewing court's inquiry. The absence of findings invites a reweighing of the evidence on review, thereby paving the way for judicial intrusion into matters committed to administrative discretion by the Legislature. *See: Uhlir v. Ritz* (1970), 255 Ind. 342, 264 N.E.2d 312. Thus, a sound basis exists for the rule in this state that an administrative agency has a duty to make a finding of the pertinent facts on which its decision is based, whether or not such findings are specifically required by statute.

*Carlton et al. v. Bd. of Zoning Appeals* (1969), 252 Ind. 56, at 64, 245 N.E.2d 337, at 343;

*Delaware Machinery v. Yates* (1973), 158 Ind.App. 167, at 175, 301 N.E.2d 857, at 861-862.

In the instant case, the only finding made by the Board was a citation to the rules and regulations which Yunker was found to have violated. This was insufficient as a finding of fact.

However, this failure does not necessarily invalidate the Merit Board's decision. It is a technical defect which the Board should have an opportunity to correct. *Dept. of Financial Inst. v. State Bank of Lizton* (1969), 253 Ind. 172, 252 N.E.2d 248. The judgment of the trial court is therefore reversed, with directions that it remand the case to the Porter County Sheriff's Merit Board, with directions to make findings of fact and for further proceedings thereafter not inconsistent with this opinion. The trial court is in all other things affirmed.

Affirmed in part and reversed in part.

Garrard, P.J. concurs.

Chipman, P.J., participating by designation, concurs.

NOTE — Reported at 382 N.E.2d 977.