Dean BOLERJACK, Sheriff, St. Joseph County; Thomas J. Roemer, Police Merit Board Member; Walt P. Risler, Police Merit Board Member; Gustav C. Schuttros, Police Merit Board Member; Daniel Clark, Police Merit Board Member; St. Joseph County Police Merit Board; St. Joseph County Board of County Commissioners, Defendants-Appellants,

v.

Keith W. FORSYTHE, Plaintiff-Appellee.

No. 3–882 A 228.

Court of Appeals of Indiana,
Third District.

April 10, 1984.

Robert F. Gonderman, South Bend, for defendants-appellants.

John C. Ruckelshaus, Walter F. Lockhart, Ruckelshaus, Roland & O'Connor, Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

In May of 1976, Keith W. Forsythe was a police officer with the St. Joseph County Police Department. Dean Bolerjack was the sheriff of that county.

On May 6, 1976 Forsythe had a conversation with Bolerjack in Bolerjack's office. Forsythe mentioned the possibility that he and other officers might file an impeachment suit against Bolerjack. During the conversation, Forsythe revealed a body microphone he was wearing purportedly to record the conversation, although in fact no recording was made.

On June 15, 1976 the Prosecuting Attorney of St. Joseph County filed a suit for impeachment against Bolerjack in the St. Joseph County Circuit Court. That same day, Bolerjack filed charges against Forsythe and temporarily suspended him pending hearing before the sheriff's merit board, all pursuant to IC 17–3–14–7.[1] The charges alleged that on May 6, 1976 Forsythe did "engage in conduct unbecoming a police officer" and did "willfully commit an act of overt insubordination against his superior officer" by concealing the micro-

---

1. The pertinent part of that statute reads as follows:

"Sec. 7. The sheriff may discharge, demote, or temporarily suspend any county policeman, for cause, after preferring charges in writing and after a fair public hearing before the board, reviewable in the circuit court, a notice of which charges and hearing shall be delivered by certified mail to the county policeman to be discharged, demoted or temporarily suspended. Such county policeman may be represented by counsel. The sheriff may temporarily suspend without a hearing before the board, any county policeman, after preferring charges of misconduct in writing delivered to such county policeman, for a period not to exceed fifteen (15) days."

Repealed by Acts 1982, P.L. 127, Sec. 2(a). See now IC 36–8–10–11.

phone on his body during the conversation with Bolerjack.

On July 1, 1976 the merit board rendered its decision finding Forsythe guilty of both charges filed against him and ordering Bolerjack to permanently discharge him.

On July 16, 1976 Forsythe filed for judicial review of the merit board's decision in the St. Joseph Circuit Court naming as defendants Bolerjack, the St. Joseph County Police Merit Board and its four individual members,[2] and the St. Joseph County Board of Commissioners. The cause was transferred to Starke County on Forsythe's motion for change of venue.

On August 30, 1979 the Starke Circuit Court entered its Findings of Fact, Conclusions of Law, and Judgment. The relevant conclusions reached by the court were as follows:

1) There was insufficient evidence to show that Forsythe was guilty of "insubordination."[3] Tr. 67.

2) The charge of "conduct unbecoming an officer" was unconstitutionally vague as applied to the facts presented. Tr. 68, 69.

3) The merit board decision was further defective because it was based on perjured testimony and contrary to the evidence, and was therefore illegal, arbitrary and capricious. Tr. 69.

The court reversed and vacated the merit board decision and ordered the merit board and the present sheriff[4] to reinstate Forsythe effective September 1, 1979. The court also set a hearing to be held to determine the amount of damages suffered by Forsythe during his wrongful suspension. At the damage hearing, Forsythe was awarded $18,500[5] plus $653.40 transcript costs. The court ordered that the reinstatement effective September 1, 1979 was to be at full salary. The court also ordered the enforcement of the judgment stayed pending the appeal of the decision and further order of the court.

We dismissed the appeal without decision on the merits under Cause No. 3–280 A 55 on February 6, 1981. The petition for rehearing was denied on March 27, 1981 and the petition for transfer to the Indiana Supreme Court was denied on July 13, 1981. On July 17, 1981 the Starke Circuit Court removed the stay on the enforcement of the judgment. Forsythe was reinstated with the St. Joseph County Police Department soon after the removal of the stay.

On February 22, 1982 Forsythe filed his "Verified Motion for Proceedings Supplemental or, in the Alternative, Action for Mandate of Funds to Satisfy Judgment." This motion resulted in another hearing to determine the additional amount Forsythe would have earned had he been reinstated on September 1, 1979 and employed by the police department during the appeal.

On May 18, 1982 the Starke Circuit Court entered its order on the Verified Motion for Proceedings Supplemental finding, pursuant to IC 34–1–44–7,[6] that Forsythe had previously been awarded $19,153.40, which amount had been paid to the Clerk of Starke County on January 6, 1982, and that Forsythe would have earned $25,657.65 had he worked for the police department from September 1, 1979 until his reinstatement. The order continued as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Clerk of Starke County immediately re-

---

2. Thomas J. Roemer, Walt P. Risler, Gustav C. Schuttros and Daniel Clark.

3. "Insubordination" was defined in the police rules and regulations as "Inability to satisfactorily perform police duties."

4. Bolerjack was no longer in office.

5. This amount was based primarily on Forsythe's expected salary, reduced by wages he earned elsewhere during his suspension.

6. The first sentence of that statute provides:
   "After a hearing of which the judgment debtor has been notified, the court may order any property, income or profits, of the judgment debtor, not exempt from execution or process, in the hands either of himself or of any other person, or any debt due to the judgment debtor, to be applied to the satisfaction of the judgment, and forbid transfers of property and choses in action."

lease to plaintiff the amount of $19,-153.40 paid into Court in satisfaction of the prejudgment wages and transcript costs;

IT IS FURTHER ORDERED that defendants, St. Joseph County Police Merit Board, its members, and the St. Joseph County, Indiana, Board of Commissioners, by the St. Joseph County Auditor, forthwith draw a draft and pay to plaintiff Kevin W. Forsythe, $25,657.65 as the amount of wages he would have received from September 1, 1979 to the date of his reinstatement, that such sum be paid out of unappropriated funds of St. Joseph County, Indiana, and that the St. Joseph County, Indiana, Board of Commissioners take whatever procedural or authorizing action which may be necessary or desirable to accomplish the payment of said $25,657.65 to Mr. Keith W. Forsythe by the Auditor."

Bolerjack, the merit board and its individual members, and the St. Joseph County Board of Commissioners now bring this appeal.

The appellants raise several issues on appeal. However, because we find one to be controlling, we will consider the remaining issues only as they peripherally affect the controlling issue, which is: Whether the judgment orders of the Starke Circuit Court were void for lack of jurisdiction to either compel action by the St. Joseph County Merit Board or to award damages to Forsythe. We believe the trial court was acting outside its jurisdiction and the judgments entered were not merely voidable but were void. The judgments therefore were open to collateral attack at the trial court and upon this appeal.

■ Forsythe sought judicial review pursuant to IC 17–3–14–7 [7] which provides that actions of the sheriff and the merit board are "reviewable in the circuit court." Review by the court of a county merit board's determination is governed by general principles of administrative law, not by the Administrative Adjudication Act (the AAA),

IC 4–22–1–1 *et seq.*, which covers only state-wide agencies. *Yunker v. Porter County Sheriff's Merit Board* (1978), 178 Ind.App. 364, 382 N.E.2d 977.

■ Although the AAA does not apply directly to this case, this does not mean that decisions involving the AAA's provision for judicial review, IC 4–22–1–8, are inapposite to a consideration of the general principles of administrative law. It is true that the AAA has been found inapplicable to cases involving local agencies and preliminary procedural issues. *See South Bend Community School Corporation v. National Education Association—South Bend* (1983), Ind.App., 444 N.E.2d 348 (procedure for perfecting appeal of administrative adjudication by school board not governed by AAA); *Yunker v. Porter County Sheriff's Merit Board* (1978), 178 Ind.App. 364, 382 N.E.2d 977 (requirement in AAA of at least five-day notice of matters to be determined by administrative agency not applicable to sheriff's merit board); *Wolfcale v. Wells County* (1977), 173 Ind.App. 569, 364 N.E.2d 1023 (deputy sheriff suspended by merit board not limited by AAA's fifteen day period in which to seek judicial review). However, issues concerning the permissible scope of judicial review are governed by principles common to both the AAA and general principles of administrative law, regardless of whether the agency is local or state-wide. Article 3, Section 1 of the Indiana Constitution imposes the separation of powers as the most significant and stringent limitation on the extent of judicial review of an administrative adjudication. *See Public Service Commission v. Chicago, Indianapolis and Louisville Railway Company* (1956), 235 Ind. 394, 134 N.E.2d 53; *State ex rel. Public Service Commission v. Johnson Circuit Court* (1953), 232 Ind. 501, 112 N.E.2d 429; Wolf, *Judicial Intervention in Administrative Agency Proceedings*, 22 Res Gestae 548 (1978). A court is not a legislative or executive agency and has no authority to usurp or exercise the functions dele-

---

7. Note 1, *supra.*

gated to such agencies. *Johnson Circuit Court*, 112 N.E.2d at 431.

One case expressly adopts the AAA's standards for judicial review in a situation not specifically covered by the AAA. *Indiana Department of Public Welfare v. De-Voux* (1974), 161 Ind.App. 40, 314 N.E.2d 79. We believe that resolving the essential issue of the permissible scope of judicial review in this case should be considered without distinguishing cases arising under the AAA from ones that do not.[8]

Section 18 of the AAA states the parameters for judicial review of an administrative adjudication.

"Sec. 18. On such judicial review such court shall not try or determine said cause de novo, but the facts shall be considered and determined exclusively upon the record filed with said court pursuant to this act.

On such judicial review if the agency has complied with the procedural requirements of this act, and its finding, decision or determination is supported by substantial, reliable and probative evidence, such agency's finding, decision or determination shall not be set aside or disturbed.

If such court finds such finding, decision or determination of such agency is:

(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

(2) Contrary to constitutional right, power, privilege or immunity; or

(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence, the court may order the decision or determination of the agency set aside. The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed.

Said court in affirming or setting aside the decision or determination of the agency shall enter its written findings of facts, which may be informal but which shall encompass the relevant facts shown by the record, and enter of record its written decision and order or judgment."

■ Judicial review of an administrative order or decision is limited to a consideration of whether the agency possessed jurisdiction over the matter decided, and whether the order was made in conformity with proper legal procedure, was based on substantial evidence, and does not violate any constitutional, statutory or legal principle. *Department of Financial Institutions v. State Bank of Lizton* (1969), 253 Ind. 172, 252 N.E.2d 248; *State ex rel. Public Service Commission v. Boone Circuit Court* (1956), 236 Ind. 202, 138 N.E.2d 4; *State Board of Tax Commissioners v. South Shore Marina* (1981), Ind.App., 422 N.E.2d 723; *Brinson v. Sheriff's Merit Board of Jefferson County* (1979), Ind.App., 395 N.E.2d 267; *Department of Financial Institutions v. Colonial Bank & Trust Co.* (1978), 176 Ind.App. 368, 375 N.E.2d 285, *cert. denied* 439 U.S. 1116, 99 S.Ct. 1022, 59 L.Ed.2d 75; *Indiana State Board of Tax Commissioners v. Holthouse Realty Corp.* (1976), 170 Ind.App. 232, 352 N.E.2d 535; *Indiana State Board of Tax Commissioners v. Pappas* (1973), 158 Ind.App. 327, 302 N.E.2d 858. If the court finds in an agency's action any one or more of the five defects listed in the AAA,[9] it "may

---

**8.** The decision not to distinguish the AAA from general principles of administrative law for this case is not inconsistent with *South Bend Community School Corporation v. National Education Association—South Bend* (1983), Ind.App., 444 N.E.2d 348 where we said, "Agencies of less than state-wide jurisdiction are not covered by the act nor should they be. Agencies local in nature ... should not be bound by the formal rules intended for larger state agencies .... Therefore, the AAA does not apply to agencies

of less than state-wide jurisdiction." *Id.* at 350. The "formal rules" not applied were strictly procedural and did not encompass the scope of judicial review.

**9.** The reviewing judge in entering his original judgment used language paralleling that of the AAA. "The decision of the (merit board) is based upon constitutionally vague provisions as applied, is not based upon substantial evidence, is based in perjured testimony, is contrary to the

order the decision or determination of the agency set aside. The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed." IC 4–22–1–18.

In *Public Service Commission v. Chicago, Indianapolis and Louisville Railway Company* (1956), 235 Ind. 394, 132 N.E.2d 698, Justice Arterburn stated "[t]he well recognized principle that the court may not substitute its judgment for that of the administrative commission and particularly make an affirmative order." 235 Ind. at 399, 132 N.E.2d 698. In a subsequent decision denying the railroad's petition for rehearing Justice Arterburn said:

"The purpose of a judicial review of an administrative order by the court is not to decide the matter on the merits for the administrative body but rather solely to determine whether or not the order made by the administrative body was outside the limits and jurisdiction of such body. Once the matter of jurisdiction is determined the court has no further right to interfere with an administrative procedure which belongs to another department of the government—not the judiciary. As a court, we have no right to substitute our judgment on the merits of an issue before an administrative body acting within its jurisdiction."

134 N.E.2d 53, 54.

*City of Portage v. Rogness* (1983), Ind. App., 450 N.E.2d 533 is a case similar to the one presently before us. In *Rogness* the police commission authorized the termination of the employment of a city police officer. The Starke Circuit Court, upon review, modified the decision of the commission, reducing the penalty to a one-year suspension without pay. IC 18–1–11–3(d) [10] allowed a reviewing court, upon finding cause to set aside the board's determination, to "render judgment either reversing the decision of the board, or ordering the same to be modified as the court shall find and adjudge to be proper." We held that

the modification by the trial court was unwarranted by law:

"Appellee makes considerable contention that the wording of the statute authorizes the trial court 'to modify' the decision made by the Police Commission. However, in the past the Supreme Court of Indiana has held that this purported power is overly broad, in that it grants the judiciary ultra-vires authority to interfere with an executive or administrative department. *New Albany v. Whiteman* (1968), 250 Ind. 333, 234 N.E.2d 646. To the extent that either statute grants this unconstitutional power to the courts, they are invalid. *See Whiteman, supra*, 250 Ind. at 337, 234 N.E.2d at 648. This Court is under an obligation to construe statutes in a manner that is constitutional rather than one that is not. *Prog. Imp. Assoc. v. Catch All Corp.* (1970), 254 Ind. 121, 258 N.E.2d 403. *Wallman v. State* (1981), Ind.App., 419 N.E.2d 1346."

*Rogness,* 450 N.E.2d at 535–36.

■ Upon review, the court is limited to either affirming or setting aside the determination of the agency, in which latter event it may remand the cause for further proceedings. *Ind. State Bd. etc. v. Keller* (1980), Ind., 409 N.E.2d 583, 585; *City of Plymouth v. Stream Pollution Control Board* (1958), 238 Ind. 439, 445, 151 N.E.2d 626, 629.

Although IC 4–22–1–18 seems to authorize the court to enter an affirmative order by providing that the court "may compel agency action unlawfully withheld or unreasonably delayed," the case law indicates that such compulsion is not, under usual circumstances, a part of the court's initial review function. *See Indiana Department of Public Welfare v. DeVoux* (1974), 161 Ind.App. 40, 314 N.E.2d 79. In *DeVoux* the Second District stated the courses of action available to a reviewing court after finding error at the administrative level, citing from *Indiana Alcoholic*

---

evidence, and is therefore illegal, arbitrary, and capricious." Tr. 69.

**10.** Repealed, effective September 1, 1981. See now IC 36–8–3–4(i).

*Beverage Comm. v. Johnson* (1973), 158 Ind.App. 467, 476–77, 303 N.E.2d 64, 69.

"The express intent of this part of the statute [IC 4-22-1-18] is to limit the reviewing court's authority to remand the case to the administrative agency for further proceedings after a proper determination that the agency's decision was contrary to law. If upon remand the agency unlawfully withholds or unreasonably delays the redetermination of the case, then the trial court may compel agency action by direct order. Otherwise the reviewing court does not have power to compel agency action as part of the initial review function. It may only remand the cause for rehearing."

*DeVoux*, 324 N.E.2d at 87.

The problem of courts exceeding the permissible scope of review was addressed in an article appearing in Res Gestae. Wolfe, *Judicial Intervention in Administrative Agency Proceedings*, 22 Res Gestae 548.

"It is, of course, common practice for a party aggrieved by an agency's decision to appeal the matter to the courts. And, if the aggrieved party is successful, the decision is reversed or modified. Sometimes, however, the reviewing court errs and oversteps its bounds when disposing of an appeal from an agency. This error may manifest itself when the court orders the agency to perform a certain act or otherwise to undertake a certain course of proceedings. In the day-in and day-out workload of the courts, it may not appear that any serious error has been committed. This is because appellate courts have always possessed certain powers to direct subsequent proceedings following the court's review of the merits of this case." [11]

It might be perceived an act of impotence for the court merely to remand after finding a constitutional fault or other error of law in an agency's determination, especially when the court clearly perceives the proper course of action. However, the propriety of remanding to the agency was crystallized by Justice Arterburn in *Public Service Commission v. Chicago, Indianapolis, and Louisville Railway Company* (1956), 235 Ind. 394, 132 N.E.2d 698.

"Remanding it to the administrative body gives it an opportunity to correct the irregularities in its proceedings as determined by the court. At the same time it avoids the court's encroachment upon its administrative functions. There is no more reason for assuming that the commission will disregard the law as fixed by this reviewing court than that a lower trial court will do so."

*Id.* at 702.

■ The authority of the court remains protected by its power to compel action if upon remand the agency persists in withholding or delaying action consistent with the court's conclusions of law. The agency cannot use the constitutional separation of powers as a shield behind which the agency is forever immune from judicial oversight. Due process demands that there be a point beyond the initial remand where the judiciary no longer must defer to administrative independence.

In the present case, the desirability of a remand by the court after its initial review is apparent. In response to the charge that

---

**11.** This article cites several cases in support of the proposition that "an appellate court, upon review, cannot command an agency to perform a particular act. Rather, the correct course of action is to remand to the agency with instructions that it proceed in a manner not inconsistent with the court's opinion." *See Indiana State Highway Commission v. Zehner* (1977), 174 Ind. App. 176, 366 N.E.2d 697 (court erred by computing amount of claim owed rather than remanding for agency determination); *Aeronautics Commission of Indiana v. Radio Indianapolis, Inc.* (1977), 172 Ind.App. 687, 361 N.E.2d 1221 (court erred by specifically ordering commission to grant permit); *Indiana State Teachers Retirement Board v. Smock* (1975), 165 Ind.App. 429, 332 N.E.2d 800 (court erred by ordering board to award teacher certain credits from retirement fund); *Indiana Alcoholic Beverage Commission v. Johnson* (1973), 158 Ind.App. 467, 303 N.E.2d 64 (court erred in ordering commission to issue license). *But see Tippecanoe County Area Plan Commission v. Sheffield Developers, Inc.* (1979), 181 Ind.App. 586, 394 N.E.2d 176 (AAA's restriction against reviewing court ordering an agency to perform a particular act inapplicable to agency that is not statewide).

Forsythe was guilty of "insubordination" [12] the court said, "The one thing that the hundreds of pages of evidence does [sic] not show is any inability to satisfactorily perform police duties." Tr. 67. The other charge of "conduct unbecoming a police officer" was attacked by the court primarily as being "based upon constitutionally vague provisions as applied." Tr. 69.

■ The court performed its limited function by reviewing the legal sufficiency of the proceedings below. The board would have had the benefit of the court's legal expertise had the court remanded to the board at that time "for further proceedings consistent with the law stated in this opinion." *Chicago, I., and L. Railway, supra,* 132 N.E.2d at 702. It was then for the board to determine which action to take consistent with the court's conclusions. The court erred by ordering the board to reinstate Forsythe and by conducting damage hearings on evidence not even considered by the board.[13]

The reviewing court's error seems in one sense merely a technical one, overlooking an unnecessary formality. The court ordered reinstatement and determined back pay from stated figures, both acts in accordance with the law it found to control and which it believed the agency bound to follow. However, this formality is a constitutional one consistently interpreted as requiring a court, after reviewing an agency's determination, to remand for the agency to make the initial attempt to correct its own proceedings.

Moreover, the appellants advance other meritorious bases for reversal of the Starke Circuit Court's judgments. Proceedings supplemental were brought against the county contrary to a specific statutory provision for enforcement of judgments against a county, IC 17–1–24–27.[14] Also, the court failed to consider as

mitigation of damages the amount Forsythe earned while wrongfully suspended during the initial appeal. *See Brinson v. Sheriff's Merit Board of Jefferson County* (1979), Ind.App., 395 N.E.2d 267, 273. For this court now to reverse on one of these grounds alone would be to lend legitimacy to the trial court's initial actions outside the scope of its jurisdiction.

■ There remains the question of whether the trial court's order, not directly appealed on the merits, may now be collaterally attacked. All of the cases herein cited are direct appeals of a trial court's ruling. It nonetheless appears that the Starke Circuit Court's orders are void for lack of jurisdiction to render the particular judgments and may be collaterally attacked in another action. *Michigan Mutual Liability Company v. Perez* (1965), 137 Ind. App. 247, 207 N.E.2d 368, 373; *Accord Indiana State Bd. etc. v. Keller* (1980), Ind., 409 N.E.2d 583, 586.

" 'There are in general three jurisdictional elements in every valid judgment, namely, jurisdiction of the subject matter, jurisdiction of the person, and the power or authority to render the particular judgment.' 1 Freeman, *Judgments* (5th Ed.) Section 226, pp. 444, 445. 'It is well settled by the authorities that a judgment may be void for want of authority in a court to render the particular judgment rendered though the court may have had jurisdiction over the subject matter and the parties.' 1 Freeman, *Judgments* (5th Ed.) Section 354, p. 733. If a judgment is in part beyond the power of the court to render, it is void as to the excess. *Ex parte Rowland,* 1882, 104 U.S. 604, 26 L.Ed. 861. *See also Underhill v. Franz,* 1951, 230 Ind. 165, 101 N.E.2d 264."

12. *See* n. 3, *supra.*

13. This holding is not inconsistent with our holding in *Board of School Trustees of Baugo Community Schools v. Indiana Education Employment Relations Board* (1980), Ind.App., 412 N.E.2d 807 where we affirmed the reviewing

court's reinstatement order. There the reinstatement order was in affirmance of the board's ruling.

14. See now IC 34–4–16.4–1.

State ex rel. Public Service Commission v. Johnson Circuit Court (1953), 232 Ind. 501, 508–09, 112 N.E.2d 429, 432.

Forsythe contends "Where a court had jurisdiction, no judgment it may have rendered is void, however, [sic] erroneous it may be." Appellee's brief, p. 21. He ignores the excerpt cited above from *Johnson Circuit Court* and cites cases which are inapposite to our facts.

Accordingly, the judgments of the Starke Circuit Court directing the reinstatement of Forsythe and the payment of damages to him are vacated and we remand to the trial court with instructions to remand to the St. Joseph County Sheriff's Merit Board for further proceedings consistent with the law stated in this and the trial court's opinions.

Reversed and remanded.

STATON, P.J., and HOFFMAN, J., concur.