329 N.E.2d 38 (1975)
In the matter of Lendall B. TERRY, Judge of the Ripley Circuit Court, 80TH Judicial Circuit.
No. 374A68.
Supreme Court of Indiana.
June 10, 1975.
John C. Ruckelshaus, Arch N. Bobbitt, Indianapolis, for respondent.
Richard H. Grabham, Mark W. Gray, Indianapolis, for Indiana Supreme Court Disciplinary Comm.

OPINION ON PETITION FOR REHEARING
HUNTER, Justice.
Petitioner was suspended without pay from the office of circuit judge of Ripley County in an opinion handed down by this Court on February 20, 1975, and reported at 323 N.E.2d 192. In his petition for rehearing, the only question presented by petitioner, and not considered in our original opinion, is whether petitioner's suspension denies him equal protection of the laws as guaranteed by the Indiana and United States Constitutions. We conclude that petitioner's equal protection rights were not violated by his suspension and deny his petition for rehearing.
Petitioner bases his equal protection claim upon the action taken by this Court in another disciplinary action involving a circuit judge, In Re Evrard (1974), Ind., 317 N.E.2d 841. Petitioner asserts that the conduct of Judge Evrard, while more egregious, resulted in suspension but with pay, while petitioner was suspended without pay for lesser transgressions.
The fourteenth amendment "forbids any arbitrary deprivation of life, liberty or property, and secures equal protection to all under like circumstances in the enjoyment of their rights; and, in the administration of criminal justice, requires that no different or higher punishment shall be imposed upon one than is imposed upon all for like offenses." Ex Parte Kemmler (1889), 136 U.S. 436, 448-49, 10 S.Ct. 930, 934, 34 L.Ed. 519, 524. While we do not have before us a case involving the administration of criminal justice, nevertheless, petitioner's equal protection claim must be measured by the standard enunciated in Kemmler.
*39 As the response of the disciplinary commission to the petition for rehearing points out, the action taken with regard to Judge Evrard was interim relief only and largely in aid of the due process rights of Judge Evrard to prepare his defense. There has been no final determination of any violations of the Code of Judicial Conduct by Judge Evrard, and that matter is still pending. The action taken by this Court in suspending petitioner, however, was made only after a full hearing before a hearing officer at which petitioner presented evidence and after oral arguments were heard by this Court upon the findings and conclusions of the hearing officer. Equal protection of the laws does not mandate similar treatment for those individuals who are not similarly situated. Such is the case presented by this petition for rehearing, which is hereby denied.
GIVAN, C.J., and ARTERBURN and PRENTICE, JJ., concur.
DeBRULER, J., votes to grant rehearing.