DEPARTMENT OF FINANCIAL INSTITUTIONS OF the STATE OF INDIANA, Ralph J. Tyring, Chairman, George N. Lane, Vice Chairman, Maurice R. Kirkwood, Secretary, Eugene Yates, Member, Robert P. Burkhartsmeier, Member, Carl W. Seet, Member, and James E. Farris, Director, Appellants (Respondents Below),

v.

BENEFICIAL FINANCE COMPANY OF MADISON, Beneficial Finance Company of Elkhart County, Beneficial Finance Company of Ft. Wayne, Indiana, Beneficial Finance Company of Hammond, Indiana, Beneficial Finance Company of Merrillville, Indiana, Beneficial Finance Company of LaPorte County, Beneficial Finance Company of Mishawaka, Indiana, Beneficial Finance Company of South Bend, Indiana, Beneficial Finance Company of Valparaiso, Indiana, and Commonwealth Loan Company, d/b/a Beneficial Finance Company, Appellees (Petitioners Below).

No. 1–880A218.

Court of Appeals of Indiana, First District.

Oct. 14, 1981.

Linley E. Pearson, Atty. Gen., Dan S. LaRue, Deputy Atty. Gen., Indianapolis, for appellants.

R. M. Kroger, James S. Kirsch, Kroger, Gardis & Regas, Indianapolis, for appellees.

ROBERTSON, Judge.

The Department of Financial Institutions (Department) appeals the judgment rendered in favor of ten affiliated finance companies doing business under the name of "Beneficial Finance Co." (Beneficial). The Department initiated administrative proceedings and found that Beneficial was in violation of *Ind. Code* 24–4.5–4–301. Beneficial sought judicial review of this determination and the trial court reversed the Department's findings.

We affirm.

Beneficial is involved in the consumer loan business. In connection with these loans, Beneficial offers its customers household contents insurance on the collateral. The insurance is provided by the American Bankers Insurance Company of Florida. The insurance is a dual interest policy which provides protection for both the customer and Beneficial. Many of the customers who obtain the household contents insurance also have a general homeowners policy, which would also protect the customers collateral. Beneficial does not require its customers to purchase the household contents insurance as a prerequisite to obtaining a loan.

■ The Department initiated administrative proceedings against Beneficial alleging that Beneficial was in violation of IC 24–4.5–4–301. This section provides:

(1) A creditor may not contract for or receive a separate charge for insurance against loss of or damage to property unless

(a) the insurance covers a substantial risk of loss of or damage to property related to the credit transaction;

(b) the amount, terms, and conditions of the insurance are reasonable in relation to the character and value of the property insured or to be insured; and

(c) the term of the insurance is reasonable in relation to the terms of credit.

(2) The term of the insurance is reasonable if it is customary and does not extend substantially beyond a scheduled maturity.

(3) A creditor may not contract for or receive a separate charge for insurance against loss of or damage to property unless the amount financed or principal exclusive of charges for the insurance is three hundred dollars [$300] or more, and the value of the property is three hundred dollar[s] [$300] or more.

(4) The amounts of three hundred dollars [$300] in subsection (3) are subject to change pursuant to the provisions on adjustment of dollar amounts (24–4.5–1–106).

The essence of the Department's claim was that Beneficial was violating subsection (1)(a) by selling household contents insurance to customers who had existing homeowners policies which also covered the collateral. The Department correctly asserts, that in the event of a claim, the customer would only receive a single amount for his losses and that the insurance companies would prorate the losses among themselves. The Department concluded that Beneficial was placing its customers in the position of paying for dual insurance coverage and found that there was no substantial risk of loss to the lending institution, Beneficial. The Department entered an order prohibiting Beneficial from further sales of this insurance and required Beneficial to issue refunds to those customers who had dual insurance coverage.

Pursuant to *Ind. Code* 4–22–1–14 and 24–4.5–6–108, Beneficial sought judicial review of the Department's determination. The trial court found that the household contents policy covered substantial risk of loss or damage to the property connected to the loan. The trial court also found that the Department's prior finding was arbitrary, capricious, and contrary to law. The Department appeals the decision alleging that the trial court improperly weighed the evidence and exceeded the scope of review applicable to an administrative determination.

■■ The Department correctly asserts that the standard of review for an administrative agency's determinations is well settled. Judicial review is generally limited to considerations of whether the agency's determination is arbitrary, capricious, an abuse of discretion or in excess of statutory authority or unsupported by substantial evidence. If the agency has complied with the procedural requirements and its finding, decision, or determination is supported by substantial, reliable, and probative evidence, the agency's finding decision, or determination shall not be disturbed. *Dept. of Financial Institutions v. State Bank of Lizton*, (1969) 253 Ind. 172, 252 N.E.2d 248. It is equally well established that a trial court reviewing an administrative determination cannot overturn the determination merely because the reviewing court would have reached a different result on the evidence. *Dept. of Financial Institutions v. Colonial Bank and Trust Co.*, (1978) Ind.App., 375 N.E.2d 285. The Department alleges that there was evidence on record to establish that some customers obtained dual coverage and therefore, that no substantial risk of loss existed to Beneficial.

The standard of review cited by the Department is correct for analyzing factual determinations, but a court may always examine an agency's finding to determine whether it is contrary to law. *Public Service Commission v. City of Indianapolis*, (1955) 235 Ind. 70, 131 N.E.2d 308. The Department concluded that no substantial risk of loss existed to Beneficial where its customers, who had homeowners coverage, purchased the household contents policy. This conclusion was a result of an improper interpretation of IC 24–4.5–4–301. This section places restrictions on the sale of insurance by lending institutions. Subsection (1)(a) of the statute prohibits a creditor from contracting insurance unless there is a "substantial risk of loss of or damage to property related to the credit transaction." We believe the intent of this subsection is to prohibit lending institutions from providing insurance on other property not related to the credit transaction. The focus of the analysis, under this subsection, should be directed towards an examination of whether a substantial risk of loss exists for the underlying property involved in the loan, and not an examination of the risk of loss to the lending institution.

Beneficial submitted evidence to the Department establishing that the household contents policy gave their customers additional protection over a typical homeowners policy. The household contents policy gave Beneficial's customers the full replacement value of the insured property such that there was no deductible amount.[1] Since the

---

1. The policy contained a fifty dollar deductible on theft losses.

customer would be given the full replacement value, the customer would not receive a depreciated amount and also received protection against inflation. The household contents policy also provided much greater protection against certain natural hazards, such as flooding and water damage, than a typical homeowners policy. The Department stipulated, during the administrative determination, that the household contents policy would provide benefits for its policy holders. The evidence also established that the customer was not required to purchase the policy in order to obtain a loan.

The evidence presented by Beneficial established that the household contents policies gave the policy holders additional protection over a typical homeowners policy. This evidence demonstrated the risk of loss which could threaten the property. There was no evidence presented that Beneficial sold insurance on any property not related to a credit transaction. The Department's determination was incorrect because it found that there was no risk of loss to Beneficial because the customers had existing insurance. IC 24–4.5–4–301 requires a determination of whether there is a risk of loss to the property involved in a credit transaction, and not the risk of loss to the lending institution. The trial court properly concluded that the Department's finding was contrary to law.

The Department alleges that the trial court weighed the evidence in vacating the Department's finding. The Department points to the findings of fact made by the trial court as proof of this alleged error. The Department also relies on its finding of fact that there was no substantial risk of loss to the property to support its position. The Department's finding was not based on the risk of loss to the property involved in the credit transaction, but instead whether the individual customers had adequate insurance for the loan. Since the Department failed to properly analyze this question, there was no substantial evidence to support its finding that there was no substantial risk of loss to the property. Additionally, the trial court was mandated by *Ind. Code* 4–22–1–18 to enter written findings of fact. Compliance with this statute did not constitute weighing the evidence. The trial court properly analyzed IC 24–4.5–4–301 and vacated the Department's findings.

The judgment is affirmed.

NEAL, P. J., and RATLIFF, J., concur.