## ST. MARY'S MEDICAL CENTER OF EVANSVILLE, INC., Appellant (Petitioner Below),

### v.

## COUNTY DEPARTMENT OF PUBLIC WELFARE OF GIBSON COUNTY State of Indiana Department of Public Welfare, and Michelle Wade by Lisa (Wade) Christmas, Her Next Friend, Appellees (Respondents Below).

### No. 1–1285A316.

Court of Appeals of Indiana, First District.

July 29, 1986.

Rehearing Denied Sept. 16, 1986.

Wm. Michael Schiff, Kahn, Dees, Donovan & Kahn, Evansville, for appellant.

Jerry D. Stilwell, Stilwell & Whitehead, Princeton, for appellees.

---

1. I.C. 12–5–6–4, effective January 1, 1987, changes the seven (7) day filing deadline to 30 days and permits a hospital representative to sign in place of an "unavailable" next of kin.

ROBERTSON, Presiding Judge.

Appellant-petitioner St. Mary's Medical Center of Evansville, Inc. (Hospital) appeals the denial of indigent funds by appellee-respondent Gibson County Department of Public Welfare (DPW).

We affirm.

Infant Michelle Wade (Infant) was born prematurely at Hospital and admitted three days later on August 30, 1982. Hospital did not file its Hospital Care for the Indigent (HCI) application with DPW for funds to cover Infant's expenses until October 1, 1982. DPW rejected Hospital's HCI application stating the statutory seven day deadline had passed. From further adverse judgments by the State Department of Public Welfare (SDPW) and the Gibson Circuit Court, Hospital appeals, phrasing the primary issue as:

> [W]hether the SDPW and trial court erred in ruling that an indigent infant patient's next of kin was 'available' within the meaning of I.C. 12–5–6–4 to assist Hospital in determining whether an HCI application should be filed.

IND.CODE 12–5–6–4 (1982) provides in relevant part:[1]

> The application *must* be filed with the county department of public welfare not more than seven (7) days, excluding holidays and weekends, after the admission of the patient to the hospital, unless the patient is medically unable and the next of kin or legal representative is *unavailable.* (our emphasis).

Hospital argues the evidence shows Infant's next of kin were "unavailable" to assist in completing the HCI application. It also contends the statute's seven day deadline is directory rather than mandatory and should be construed liberally in its favor, especially since DPW has allegedly shown no clear prejudice.

■ Our standard of review over an administrative agency's determination is lim-

We note, however, the instant case involves "available" next of kin, and that Hospital filed the application after this future 30 day mandatory deadline.

ited to whether the decision is arbitrary, capricious, an abuse of discretion or in excess of statutory authority or unsupported by substantial evidence. *Dept. of Financial Insts. v. Beneficial Finance Co.,* (1980) Ind.App., 426 N.E.2d 711, 713. See also: IND. CODE 4–22–1–18.

■ The relevant facts show Infant's mother, Lisa, was admitted to Hospital for three days prior to Infant's admission on August 30, but was not contacted about the HCI application. On September 7 and 8, Hospital phoned Lisa's residence which was 30 miles away and later left messages with family members, but it was not stressed that a deadline for an HCI application existed. In addition, Lisa and Infant's grandmother, Ramona, phoned Hospital every day to check on Infant's status but were never instructed about the HCI application. After Hospital phoned Ramona in late September and for the first time informed her of the HCI time constraints, she and Lisa immediately went to help complete the form on September 29 which was over 30 days since Infant had been admitted. Other than the phone calls and an uncommunicated message left at a nurses' station, no other attempt by Hospital was made to contact Lisa or Ramona. The trial court also stated in its findings that Hospital could have sent a representative to Lisa's residence to complete the application.

■ We believe these facts reasonably support the SDPW and trial court's determinations that Infant's next of kin were "available" and that Hospital did not adequately pursue the required information. We also find the legislature's intent and the plain and ordinary meaning, *see Dekalb County Welfare Board v. Lower,* (1983) Ind.App., 444 N.E.2d 884, 885, of the statute's deadline to be mandatory rather than directory due to the words "must file" with the DPW, which were changed from "shall ... report" in the earlier statute. *E.g. compare: Allen County DPW v. Ball Memorial Hospital Assoc., Inc.,* (1969) 253 Ind. 179, 252 N.E.2d 424 with *Putnam County DPW v. Methodist Hospital,* (1986) Ind.App., 487 N.E.2d 1315, 1320.

We also find *Putnam County, supra,* does not support Hospital. Unlike the instant case, the patient in *Putnam County* was "unable" to assist with the HCI application since she was "confused, disoriented and somnolent" for three weeks after her admittance. *Id.* at 1316. Her next of kin, a daughter and sister, were determined "unavailable" because they failed to respond to requests left at the nurses' station, and more specifically, since neither was willing to assist the business office with the HCI form when personally contacted by telephone. *Id.* at 1316–1317. Here, Lisa and Ramona responded immediately on September 29, nearly 30 days after Infant's admission, when personally contacted and first informed by Hospital about the HCI time limitations.

We can not say under these facts that the SDPW and trial court's decisions were arbitrary, capricious, an abuse of discretion or unsupported by substantial evidence.

Judgment affirmed.

STATON, P.J. (Sitting by Designation), and NEAL, J., concur.