**William HUDNUT, Mayor of the City of Indianapolis; Joseph McAtee, Chief of the Indianapolis Police Department; Edward Buckley, Treasurer of Marion County, Indiana, as Members of the Police Pension Fund, City of Indianapolis; and Richard A.S. Dorsey, Secretary of the Police Pension Fund, City of Indianapolis; and Police Pension Fund, City of Indianapolis, Appellants,**

v.

**John HARGIS, Appellee.**

No. 49A02–8709–CV–362.[1]

Court of Appeals of Indiana, Second District.

Oct. 30, 1990.

1. This appeal was assigned to the writing judge    on August 10, 1990.

Frances Watson Hardy, City–County Legal Div., Indianapolis, for appellants.

John C. Ruckelshaus, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellee.

SULLIVAN, Judge.

Appellants (hereinafter referred to as the City) appeal from a judgment reversing the Indianapolis Police Pension Board's (Board) denial of appellee-plaintiff John Hargis's (Hargis) application for a disability pension.

At the outset, it is important to note that our review concerns the judgment of the court from which this appeal is taken. We do not directly review the Board's determination although the Board's findings, conclusions and decision necessarily constitute the basis of the judicial review below. Accordingly, we must consider the Board's action in this light. More particularly, we must determine whether the Board's findings and conclusions were such as to permit meaningful review by the Marion Superior Court.

Hargis became a police officer in 1968. After receiving awards as Indianapolis Po-

lice Officer of the Year in both 1972 and 1974, Hargis developed an alcohol problem due to the stress related to his duties as a police officer.

Hargis exhibited a pattern of alcohol-related disciplinary problems from 1978 to 1982, including three occasions on which he was suspended for alcohol-related off-duty uses of firearms. However, his attendance was rarely affected by his alcoholism. Although his marriage was eventually disrupted by his alcoholism, Hargis had never been disciplined for on-duty abuse of alcohol, he stated he never drank while on duty and did not display physical impairments, such as cirrhosis or shaking, related to his alcoholism.

On July 11, 1982, Hargis applied for a permanent disability pension alleging that his alcoholism rendered him unfit for active duty in the police department. The Board's physician examined Hargis and at the Board hearing testified that in his opinion Hargis had a "transient personality disruption." Record at 47. In his view Hargis had a self-induced illness which could be changed at the will of the individual. Accordingly he concluded that Hargis was not permanently disabled. This evidence conflicted with testimony of the Director of Fairbanks Hospital which specializes in treatment of drug and alcohol addiction.

Hargis testified that two other officers, belonging to the same pension plan to which he belonged, had been given disability pensions because of alcoholism, but he offered no further evidence in support of his contention and provided no information as to the specific facts of those cases.

The Board denied Hargis's application without findings of fact. On January 7, 1983, Hargis sought judicial review of the Board's decision. The court heard additional evidence concerning pension benefits received by other officers due to alcoholism. The evidence reflected four such instances.

The reviewing court made independent findings of fact, reversed the Board's decision, and determined that Hargis was entitled to a permanent disability pension. The City appealed and the Fourth District of this court reversed the trial court's judgment in a memorandum decision. *City of Indianapolis v. Hargis* (1986), Ind.App., 498 N.E.2d 1043. The court determined that the trial court should have remanded the case to the Board for findings of fact.

On remand, the Board issued findings of fact and conclusions in pertinent part as follows:

"2. John Hargis was appointed as a police officer for I.P.D. on 9/23/68 and thereafter quit on 1/12/83. John Hargis was a member of the 1953 Police Pension Fund up to and including the date he terminated employment with the Indianapolis Police Department.

3. For a member of this Fund to receive a disability pension he must be unfit for active duty in the police department or unable to perform his duties as a member of the police department.

4. John Hargis seeks a disability pension based upon his alleged alcoholism.

5. John Hargis applied for disability pension on 7/11/82.

6. The Pension Board denied his request at its meeting of September 13, 1982.

7. A hearing was held on December 6, 1982, by the pension board at Hargis's request.

8. John Hargis stated that he started drinking in 1971 or 1972, attributing the cause to be the stress and pressures of police work.

9. Hargis testified that in his opinion his illness could be cured, that he could stop his drinking, and that he did not drink on the job.

10. Dr. Chernish did not certify in writing, as required by law, that John Hargis was disabled.

## CONCLUSIONS

John Hargis is not disabled as required by I.C. 36–8–7.5–13 and thus not entitled to a disability pension, because:

A. Mr. Hargis was not certified by the Medical Doctor.

B. There was no evidence of Mr. Hargis's abuse of alcohol on duty.

C. There was no evidence of an attendance problem due to alcohol with Mr. Hargis.

D. There was no evidence of health or medical problems usually associated with alcoholism with Mr. Hargis." Supplemental Record at 20–21.

Upon judicial review the Marion Superior Court determined that Hargis was eligible for a permanent disability pension,[2] and that the Board's decision was arbitrary, capricious and illegal. The court also determined that the Board violated the Equal Protection clauses of the United States and Indiana Constitutions because it had previously awarded disability pensions to other officers because of alcoholism. In doing so, the court entered findings, conclusions and a judgment in pertinent part as follows:

"6. Samuel Redmond and Raymond Schaefer were former Indianapolis Police Officers under the same 1953 Police Pension Fund as plaintiff who each received disability pensions from defendants for alcoholism.

7. Police officers who were members of the 1953 Police Pension Fund but who converted to the 1977 Police Pension Fund under I.C. 36–8–8–4 receive disability pensions for alcoholism.

8. Plaintiff is an alcoholic who had exhibited alcoholic impairment to defendants for more than four (4) years prior to their denying his disability pension application, to-wit:

a.) From April 15, 1978, through June 12, 1978, plaintiff was suspended as a police officer for an alcohol-related use of his firearm;

b.) From June 26, 1979, through August 23, 1979, plaintiff was suspended as a police officer for an alcohol-related use of his firearm;

c.) From June 6, 1982, until the present, plaintiff has been suspended as a police officer for an alcohol-related use of his firearm; and,

d.) Plaintiff had been treated for thirty (30) days at the Koala Center, Lebanon, Indiana, for alcoholism in 1979 and had been treated for thirty (30) days at Indiana University Hospitals, Indianapolis, Indiana, for alcoholism in 1982.

9. Plaintiff suffers a physical disease or disability which renders him permanently unfit for active duty in the City of Indianapolis Police Department.

10. Plaintiff had been named Officer of the Year of the Indianapolis Police Department before he developed alcohol-related disciplinary problems.

11. Although Dr. Stanley Chernish failed to certify in writing John R. Hargis' disability, Dr. Chernish failed to acknowledge that alcoholism is a disease compensable under Social Security Administration disability standards; and,

12. The fact that John R. Hargis had exhibited a demonstrated pattern of alco-

---

**2.** It is unclear whether Hargis sought permanent disability benefits or merely benefits for so long as he remained unable to properly discharge his duties. Such factor may be of import with regard to whether Hargis's alcoholism is or is not a permanent condition, and if so, whether it is permanently disabling.

The Board did not purport to decide this question. Its revised findings and conclusions refer only to "disability" without adjectival qualification. The Board did make its determination under I.C. 36–8–7.5–13 which provides both for permanent and temporary disability benefits. It would appear, therefore, that the reviewing court expanded the issues which had been decided by the Board and made an unwarranted determination. In this regard we note that the reviewing court found qualification for benefits under subsection (a) of Section 13. This subsection also contemplates temporary as well as permanent benefits.

In *Gary Fire Pension Board v. State ex rel. Travline* (1979) 3d Dist., 179 Ind.App. 618, 386 N.E.2d 1009, the court considered a not dissimilar pension statute for firemen. The court reversed a denial of a petition for temporary benefits and noted that the applicant was properly retired upon a medical finding that he was totally disabled. The Third District held that it was the duty of the Board to pay a disability pension unless and until he was properly placed back into active service.

hol-related disciplinary problems from 1978 through 1982, and had been suspended as a result of same by the Indianapolis Police Department, show that John R. Hargis was unfit, physically or mentally, for active service in the Indianapolis Police Department.

## II.

### CONCLUSIONS OF LAW

1. The burden of proof is on the appealing party, the plaintiff, John R. Hargis.

2. The plaintiff has carried his burden of proof.

3. Plaintiff is entitled to a permanent disability pension under I.C. 36–8–7.5–13(a).

4. I.C. 36–8–7.5–13(a) does not require that a police officer's abuse of alcohol occur on duty.

5. The actions of the defendants herein were arbitrary, capricious, and illegal in denying a disability pension to the Plaintiff, John R. Hargis.

6. The actions of the defendants violated the equal protection clause of both the United States Constitution and the Constitution of the State of Indiana, in that defendants had previously awarded pensions for alcoholism to other police officers under this Pension Fund.

7. The December 6, 1982, decision of the Police Pension Fund of the City of Indianapolis was not supported by the evidence.

8. The law is with the plaintiff and against the defendants.

## III.

### JUDGMENT ORDER

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court that the December 6, 1982, decision of the City of Indianapolis, Indiana, Police Pension Fund Board regarding John R. Hargis, as shown by its Findings and Conclusions filed herein on February 13, 1987, is arbitrary, capricious, illegal, contrary to law, and not supported by the evidence.

Said decision is hereby Ordered REVERSED AND REMANDED back to the Police Pension Fund of the City of Indianapolis, Indiana, for further proceedings in accordance with the Findings, Conclusions, and Judgment Order in this cause. REVERSED AND REMANDED." Supplemental Record at 33–36.

■ Even were we to hold that Hargis had proved permanent disability, we would be compelled to reverse the judgment appealed. It is not within the prerogative of the reviewing court to fashion or order the particular relief appropriate to the circumstances. That prerogative belongs exclusively to the administrative agency. *Department of Financial Institutions v. State Bank of Lizton* (1969) 253 Ind. 172, 252 N.E.2d 248.

Upon appeal, the City asserts that the reviewing court erred in concluding that the Board's decision was arbitrary, capricious and illegal. Because we affirm the reviewing court upon this ground, we need not address the other basis for the lower court's decision, i.e., that denial of Hargis's disability benefits violated the equal protection provisions of the United States and Indiana Constitutions.

We affirm the decision of the Marion Superior Court insofar as it invalidates the Board's denial of disability benefits. We do so, however, not upon grounds as set forth by the court that as a matter of law, Hargis has proved permanent disability; but rather upon the rationale that the decision of the Board is not supported by the findings and conclusions.

Although the "Conclusions" of the Board are not inconsistent with the Board's decision, those statements, even if accurate and supported by evidence, are not a sufficient basis for the decision. *Smithson v. Review Board* (1983) 2d Dist. Ind.App., 446 N.E.2d 1014.

■ Although not certified as such by a physician, a person might nevertheless be disabled as a matter of fact. The statute is susceptible to an interpretation which con-

templates medical certification only for payment of temporary benefits not for permanent disability payments. Be that as it may, the absence of medical certification of a fact does not permit a conclusion that the fact does not exist. Certain consequences may flow from the absence of such certification but in the case before us, it does not justify a conclusion by the Board that Hargis is not disabled.

Although under the applicable statute, benefits are not payable until medical certification is made, the lack of such certification is not an essential element of proof of the disability. This conclusion is wholly reflective of the current statute, effective January 1, 1990, which provides for examination by a physician and certification of his opinion as to the officer's fitness for active duty but does not make such certification or lack thereof determinative with regard to the duty of the Board to make its own independent finding as to disability.

■ With reference to Board's Conclusions B, C and D, a person might well be unfit for police duty by reason of alcohol abuse even though he confines his abusive behavior to off-duty hours. One might consume vast quantities of alcohol immediately before reporting for duty and thereby render himself unfit for service. An officer might well have a perfect attendance record but be so incapacitated during his duty hours as to be unfit for service. Finally the absence of "usual" manifestations of alcoholism, whatever those might be, does not mean that the individual is fit for police service.

■ The judgment of the Marion Superior Court is affirmed insofar as it invalidates the decision of the Board. The judgment is reversed insofar as it purports to determine that Hargis is entitled to permanent disability benefits. We now instruct the Marion Superior Court to remand the cause to the Board for further proceedings and a determination in the light of applicable law and not inconsistent with this opinion.

SHIELDS, P.J., concurs.

BUCHANAN, J., dissents with opinion.

BUCHANAN, Judge, dissenting.

I do not see this case "in a mirror dimly." I see a clear image of a necessity to apply appellate principles in the traditional manner. To conclude that the Board's decision was arbitrary and capricious, the evidence must be weighed.

Hargis, as the claimant, bore the burden of proving to the Board he was unfit for active duty in order to qualify for a disability pension. Ind.Code 36–8–7.5–13(a) (1988). He therefore appeals from the Board's negative judgment and in a review of a negative judgment a reviewing court must not weigh evidence or judge the credibility of witnesses. If the evidence is conflicting, it *must* consider *only* the evidence which *supports* the *Board's* decision. The Board's decision cannot be disturbed unless the evidence is *undisputed* and leads *inescapably* to a contrary result. *Rensing v. Indiana St. Univ. Bd. of Trustees* (1983), Ind., 444 N.E.2d 1170; *Perez v. United States Steel Corp.* (1981), Ind., 428 N.E.2d 212.

The Board is a fact-finding body of experts created by the legislature, IC 36–8–7.-5–5(a) and 18, and neither this court nor the trial court may reweigh the evidence and substitute its judgment for the Board's. *Public Serv. Comm'n v. City of Indianapolis* (1956), 235 Ind. 70, 131 N.E.2d 308; *Department of Fin. Insts. v. Beneficial Fin. Co.* (1981), Ind.App., 426 N.E.2d 711. On appeal we may only "review" the action of the Board, which is also exactly what the trial court should do. *Beneficial Fin., supra.*

The question of whether Hargis was disabled was a question of fact for the Board. The majority acknowledges that the evidence concerning his possible disability was conflicting. Therefore, as a matter of law, the Board must be affirmed. *Rensing, supra; Perez, supra.*

The Board's findings of fact and conclusions of law, although somewhat inartfully drafted, are nonetheless sufficient. The Board articulated four factors as the basis

for its decision: Hargis' performance on duty; his attendance; his physical health; and the Board-appointed physician's determination that Hargis was not unfit for active duty. These factors are legitimate concerns that logically impact on the issue of disability. All of the Board's factual findings concerning these factors are supported by the record.

That the majority may conceive of hypothetical situations, in which theoretical facts might support other conclusions, is irrelevant to our (and the trial court's) review of the Board's decision. The Board was not confronted with the speculations postulated by the majority. At 825. Therefore, determining that the Board's decision is arbitrary and capricious, because those nonexistent facts might not support its decision, is unwarranted.

The majority seems to be unimpressed with the fact that Hargis was not certified as disabled by the Board-appointed physician. The statute in effect at the time Hargis applied for a disability pension provided that:

"If an application is made by an active member of the police department because of physical or mental disability for temporary benefits as provided in subsection (a) or subsection (b), *the benefit is not payable until a physician* to be appointed by the local board examines the member, and *certifies* in writing *that* in his opinion *the policeman is unfit,* physically or mentally, *for active duty* in the police department. After the pension or benefit has been granted by the local board, the payment commences with the original date of the injury or illness causing the disability."

IC 36–8–7.5–13(c) (emphasis supplied).

This statute unmistakably establishes that the Board *cannot* grant a pension unless the claimant is certified as disabled. That the statute was amended in 1990 does not alter its applicability to Hargis. As the Board-appointed physician determined Hargis was *not* disabled, the Board could not, as a matter of law, have granted Hargis a pension. Further, the physician based his noncertification on various reasonable

factors, such as Hargis' physical health and capabilities, his attendance, and the physician's belief that Hargis' alcoholism was not disabling to him because of its voluntary nature. These are reasonable considerations.

Concerning the issue of whether alcoholism is a disabling disease, the United States Supreme Court in *Traynor v. Turnage* (1988), 485 U.S. 535, 108 S.Ct. 1372, 99 L.Ed.2d 618, observed: "It is not our role to resolve this medical issue *on which the authorities remain sharply divided." Id.* at 1383 (emphasis supplied). Thus, I cannot conclude the Board's physician was being arbitrary or capricious or unreasonable when he used his beliefs concerning Hargis' alcoholism as a factor in his decision not to certify Hargis as disabled. Everyone who suffers from alcoholism is not disabled. It was within the Board's discretion to determine whether Hargis was.

The Board's decision, however, did not rest solely on the physician's determination when deciding whether Hargis was disabled. The other factors articulated by the Board were sufficient. The majority concludes that each factor, *by itself,* was not sufficient. That, however, is not the relative inquiry. The issue is whether the Board's decision *as a whole* was supported by the findings. The evidence must not be reweighed to supplant the Board's decision. *Public Serv. Comm'n, supra; Beneficial Fin., supra.*

Lastly, there is another issue that has not yet been considered. Because the majority orders the trial court to remand this case back to the Board for further findings of fact and conclusions of law, the possibility exists that Hargis' equal protection claims will likely arise again. In the interest of judicial economy we should address this ruling made by the trial court.

The trial court concluded the Board's decision was arbitrary and capricious because it violated Hargis' equal protection rights because of his claims that other officers were given pensions due to their alcoholism. This was error.

It is true that our constitution prohibits a law from being unequally or discriminato-

rily applied. U.S. Const. amend. XIV; Ind. Const. art. I, § 23; *see also Haas v. South Bend Community School Corp.* (1972), 259 Ind. 515, 289 N.E.2d 495; *Owens v. State ex rel. Van Natta* (1978), 178 Ind. App. 406, 382 N.E.2d 1312, *trans. denied.* However, equal protection does not mandate similar treatment for individuals *not* similarly situated. *In re.Terry* (1975), 262 Ind. 667, 329 N.E.2d 38, *cert. denied* 423 U.S. 867, 96 S.Ct. 129, 46 L.Ed.2d 97.

Hargis presented no evidence that the police officers who received pension benefits for alcoholism were similarly situated. The Board concluded that Hargis was fit for active service and capable of performing his duties despite his off-duty consumption of alcohol. The sole piece of evidence offered by Hargis as to his equal protection claim was his unsupported conclusory statement that two fellow police officers received pension benefits for alcoholism. *Record* at 144–47. That fact alone is not enough. The statute requires not only that an applicant suffer from a disability, but a further showing must be made that the disability diminishes the officer's capacity to serve the police department.

Hargis offered no evidence indicating whether or not the two officers he claimed received disability pensions for alcoholism were able to perform their duties as police officers, i.e., were similarly situated. Therefore, we should conclude the trial court erred when it determined the Board's decision violated Hargis' equal protection rights. *See Terry, supra.*

In short, there was more than sufficient evidence to support the Board's findings and the findings support the Board's decision. *Winder v. Review Bd. of Indiana* (1988), Ind.App., 528 N.E.2d 854; *Aaron v. Review Bd. of Indiana* (1981), Ind.App., 416 N.E.2d 125, *trans. denied; Gold Bond Bldg. Prod. Div. v. Review Bd. of Indiana* (1976), 169 Ind.App. 478, 349 N.E.2d 258. *Accord Wolfe v. Review Bd. of Indiana* (1978), 176 Ind.App. 287, 375 N.E.2d 652.

The majority's understandable compassion for Hargis' plight, or its disagreement with the basis or reasoning of the Board's

or its physician's conclusions, does not justify reversing the Board's decision.

The trial court should be reversed and the Board's decision affirmed in all respects.