**CITY OF INDIANAPOLIS, Appellant (Defendant Below),**

v.

**John HARGIS, Appellee (Plaintiff Below).**

No. 49S02–9203–CV–184.

Supreme Court of Indiana.

March 19, 1992.

Frances Watson Hardy, City–County Legal Div., Indianapolis, for appellant.

David T. Hasbrook, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellee.

DICKSON, Justice.

The petition to transfer in this case questions the standard of judicial review applicable to the administrative decision of a police pension board and argues that the reviewing trial court and the Court of Appeals improperly engaged in a reweighing of evidence.

Plaintiff-appellee John Hargis became an Indianapolis police officer in 1968. He was named "Indianapolis Police Officer of the Year" in 1972 and 1974. In 1978, 1979, and 1982 he was involved in off-duty incidents each involving improper use of his firearm, and for which he was disciplined. Upon his plea of guilty to four internal charges stemming from the 1982 incident, the Chief of Police recommended that he be discharged. Immediately thereafter, on July 11, 1982, he applied to the Indianapolis Police Pension Board for a disability pension alleging that alcoholism rendered him unfit for active duty in the police department. When the Board denied his application, Hargis sought judicial review. The reviewing court reversed the Board's decision and determined that Hargis was entitled to the pension, but the Court of Appeals reversed and remanded for the purpose of requiring the Board to make findings of fact. *City of Indianapolis v. Hargis* (1986), Ind.App., 498 N.E.2d 1043 (memorandum decision).

On remand the Board issued findings and conclusions supporting its decision that Hargis was not entitled to a disability pension. Hargis again sought judicial review, whereupon the Marion Superior Court entered findings, conclusions, and a judgment reversing the Board's decision as arbitrary, capricious, illegal, contrary to law, and not supported by the evidence. In the subsequent appeal brought by Indianapolis Mayor William Hudnut, the City of Indianapolis, and the other appellants, the Court of Appeals affirmed the reversal of the Board's decision. *Hudnut v. Hargis* (1990), Ind.App., 561 N.E.2d 820.

The pension claim of Officer Hargis arises under the 1953 Police Pension Fund Act, Ind.Code § 36–8–7.5–1 to –22. In judicial review of Pension Board decisions by general jurisdiction courts, the applicable standard of review is not prescribed by the Act itself. The review standards provided by the then existing Indiana Administrative

Adjudication Act, Ind.Code § 4–22–1–3 (Burns 1986 Repl.)[1], are not applicable to the Board. *Yunker v. Porter County Sheriff's Merit Bd.* (1978), 178 Ind.App. 364, 382 N.E.2d 977.

The applicable standard of review has been developed through case law.

> [T]he trial court may not merely substitute its judgment for that of the administrative body. It may not interfere with the exercise of the discretionary authority of that body, unless it is made to appear that it acted in the exercise of that discretion in an arbitrary, capricious, fraudulent, or otherwise illegal manner.

*City of Evansville v. Nelson* (1964), 245 Ind. 430, 443, 199 N.E.2d 703, 710. Upon such review by a trial court of actions of an administrative body, the issue has been described as whether there is "no substantial evidence to support its finding, or [the body] has acted arbitrarily and capriciously from the evidence presented." *City of New Albany v. Whiteman* (1968), 250 Ind. 333, 335, 234 N.E.2d 646, 648.

■ Recognizing the absence of significant differences between the "arbitrary and capricious" test and the "unsupported by substantial evidence" standard, this Court recently declared that the "substantial evidence" standard should be applied when reviewing the evidentiary support for an administrative decision. *Stewart v. Fort Wayne Community Schools* (1990), Ind., 564 N.E.2d 274. Under this standard, the reviewing court may vacate a board's decision only if the evidence, when viewed as a whole, demonstrates that the conclusions reached by the board are clearly erroneous. *Id.*

In denying Hargis's application for disability pension, the Pension Board made findings of fact, among which were:

8. John Hargis stated that he started drinking in 1971 or 1972, attributing the cause to be the stress and pressures of police work.

9. Hargis testified that in his opinion his illness could be cured, that he could stop his drinking, and that he did not drink on the job.

Record at 20. The Board also listed the following additional evidentiary findings under the subtitle "Conclusions":

A. Mr. Hargis was not certified by the Medical Doctor.

B. There was no evidence of Mr. Hargis's abuse of alcohol on duty.

C. There was no evidence of an attendance problem due to alcohol with Mr. Hargis.

D. There was no evidence of health or medical problems usually associated with alcoholism with Mr. Hargis.

Record at 21. While unclear from the record whether Hargis sought a permanent disability pension under subsection 13(a), or temporary benefits under subsection 13(b) of the 1953 Police Pension Fund Act, he asserts that he seeks only the permanent disability pension. Appellee's Brief in Opposition to Petition to Transfer at 14. The Act provided in pertinent part:

> (a) The 1953 fund shall be used to pay a *pension* in an annual sum equal to fifty percent (50%) of the salary of a first class patrolman in the police department, computed and *payable* as prescribed by section 12(a) of this chapter, *to an active member of the police department* who has been in active service for more than one (1) year and *who has suffered or contracted a mental or physical disease or disability that renders the member permanently unfit for active duty in the police department*, or to an active member of the police department who has been in active service for less than one (1) year who has suffered or received personal injury from violent external causes while in the actual discharge of his duties as a police officer. The pensions provided for in this subsection shall be paid *only so long as the member of the police department remains unfit for active duty in the police department.*

Ind.Code §§ 4–21.5–1–1 to 4–21.5–6–7.

---

1. This Administrative Adjudication Act was repealed and replaced effective July 1, 1987, by

(b) The 1953 fund shall be used to pay temporary benefits in an annual sum equal to thirty percent (30%) of the salary of a first class patrolman in the police department, computed and payable as prescribed by section 12(a) of this chapter, to an active member of the police department who has been in active service for more than one (1) year and who has suffered any physical or mental disability that renders the member temporarily or permanently unable to perform his duties as a member of the police department, or to an active member of the police department who has been in active service for less than one (1) year and who has suffered or received personal injury from violent external causes while in the actual discharge of his duties as a police officer, until the time the member is physically and mentally able to return to active service on the police department.

(c) If an application is made by an active member of the police department because of physical or mental disability for temporary benefits as provided in subsection (a) or subsection (b), the benefit is not payable until a physician to be appointed by the local board examines the member, and certifies in writing that in his opinion the policeman is unfit, physically or mentally, for active duty in the police department. After the pension or benefit has been granted by the local board, the payment commences with the original date of the injury or illness causing the disability.

Ind.Code § 36–8–7.5–13 (amended 1989, 1991) (emphasis added).

■ Eligible police officers thus are entitled to the section 13(a) pension upon proof of (a) mental or physical disease or disability (b) that renders the officer (c) permanently (d) unfit for active duty in the police department.

■ The City contends that substantial support for the Board's decision is provided by evidence showing "Hargis did not drink on duty, he had no attendance problem, there was no medical certification of his disability and he had no physical manifesta-tions of alcoholism." Brief of Appellant City of Indianapolis to the Court of Appeals at 33.

Stressing expert testimony presented on his behalf, Hargis contends that alcoholism should be recognized as a disease. He argues that there was evidence that his "alcohol problems would be triggered by a return to police duty," Brief of Appellee to the Court of Appeals at 13, that two other Indianapolis Police officers had received disability pensions for alcoholism, and that the Social Security Administration and the Indiana Public Employees' Retirement Fund recognize alcoholism as a compensable disability.

In determining if the evidence in the present case, when viewed as a whole, demonstrates that the Board's conclusion is clearly erroneous, the crucial element is whether alcoholism *rendered* Hargis unfit for active duty. Recognition of alcoholism as a disease is not the dispositive issue. Even if we assume, *arguendo*, that alcoholism should be considered to be a disease, section 13 of the 1953 Police Pension Fund Act further requires a causal connection between the disease and unfitness for active duty.

Upon this element we find it significant that Hargis testified before the Board that his illness could be cured and that he could stop drinking. There was no substantial showing that the nature and degree of alcoholism claimed by Hargis was such as to be irresistible. While Hargis testified that the off-duty incidents for which he had received departmental discipline were alcohol-related, the record contains evidence showing that Hargis maintained a good attendance record, did not abuse alcohol on duty, and did not suffer from medical problems usually associated with alcoholism. As noted in the dissenting opinion in the Court of Appeals, the Board-appointed physician determined that Hargis was not disabled, based on:

various reasonable factors, such as Hargis' physical health and capabilities, his attendance, and the physician's belief that Hargis' alcoholism was not disabling to him because of its voluntary nature.

*Hudnut,* 561 N.E.2d at 826 (Buchanan, J., dissenting).

Viewing the record as a whole, and particularly as to the statutory requirement that the disease or disability *render* Hargis unfit for active duty, the Board's denial of the disability pension was not unsupported by substantial evidence and thus not clearly erroneous. It should not have been reversed.

In its judgment reversing the decision of the Pension Board, the Marion County Superior Court included a finding that two other former Indianapolis Police officers received disability pensions for alcoholism and an express conclusion that "the actions of the Defendants violated the equal protection clause of both the United States Constitution and the Constitution of the State of Indiana, in that Defendants had previously awarded pensions for alcoholism to other police officers under this Pension Fund." Record at 35.

■ The City asserts that there is no evidence of denial of equal protection because of the lack of any specific evidence as to whether, and to what extent, these other cases of alcoholism affected on-duty performance. The equal protection provisions of our constitutions have been applied to require that similarly situated persons be treated alike, *Cunningham v. Aluminum Co. of America, Inc.* (1981), Ind. App., 417 N.E.2d 1186, 1192, citing *F.S. Royster Guano Co. v. Virginia* (1920), 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989. However, equal protection does not guarantee similar treatment to those not similarly situated. *In re Terry* (1975), 262 Ind. 667, 329 N.E.2d 38, *cert. denied* 423 U.S. 867, 96 S.Ct. 129, 46 L.Ed.2d 97.

Hargis argues that the absence of similarity evidence is irrelevant because of strong evidence that his incapacity was due to alcohol dependence. As discussed above, the evidence does not compel such a conclusion. The fact that other officers may have received a disability pension for alcoholism does not require a pension for every officer who suffers from the same condition, ignoring individual variations as to whether the alcoholism actually renders

the officer unfit for active duty. The decision of the Pension Board was not shown to violate constitutional guarantees of equal protection.

The opinion of the Court of Appeals is vacated. The judgment of the Marion Superior Court is reversed. The decision of the Indianapolis Police Pension Board is affirmed.

SHEPARD, C.J., and GIVAN and KRAHULIK, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The City Board concluded that Hargis "is not disabled" and is therefore not entitled to a disability pension because (1) no doctor certificate, (2) "no evidence of ... abuse of alcohol on duty," (3) "no evidence of an attendance problem due to alcohol," and (4) "no evidence of health or medical problems usually associated with alcoholism." Such administrative findings facilitate judicial review. *Carlton v. Board of Zoning Appeals of Indianapolis* (1969), 252 Ind. 56, 245 N.E.2d 337.

The City Board had evidence before it that Hargis had been twice suspended for alcohol-related use of his firearm, and had been twice hospitalized for thirty-day periods and treated for alcoholism. The City does not dispute this. Because, reasons (3) and (4) obviously find no support in the record as a whole, and those reasons comprise at least half of the basis for the decision, I cannot but conclude as did the majority of the Second District, that City Board's decision is clearly erroneous and that it cannot stand.